1
2
3
4
5

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

6
7
8
9
10
11

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

12
13
14

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Louie Medina, on behalf of himself and all those similarly situated,

Plaintiff,

v.

Gilbert Mega Furniture, LLC, Ahwatukee Mega Furniture, LLC, Mega Furniture & Accessories, LLC, Mega Furniture Avondale, LLC, Mega Furniture Bell, LLC, Mega Furniture Scottsdale, LLC, Phoenix Mega Furniture, LLC, Karim Kanjiyani and Jane Doe Kanjiyani, husband and wife, Saleem Kanjiyani and Jane Doe Kanjiyani, husband and wife, Yasmin Daredia and John Doe Daredia, husband and wife, and Yasmin Darcelia and John Doe Darcelia, husband and wife,

Defendants.

Case No. _____

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

**[JURY TRIAL DEMANDED]**

- 1 -

Plaintiff Louie Medina, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") for his Complaint against Gilbert Mega Furniture, LLC, Ahwatukee Mega Furniture, LLC, Mega Furniture & Accessories, LLC, Mega Furniture Avondale, LLC, Mega Furniture Bell, LLC, Mega Furniture Scottsdale, LLC, Phoenix Mega Furniture, LLC, Karim Kanjiyani and Jane Doe Kanjiyani, Saleem Kanjiyani and Jane Doe Kanjiyani, Yasmin Daredia and John Doe Daredia, and Yasmin Darcelia and John Doe Darcelia (collectively "Mega Furniture") alleges as follows:

## I.  NATURE OF THE CASE

1.     Plaintiff brings this action against Mega Furniture for its unlawful failure to pay overtime and minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and its unlawful failure to pay wages due in violation of the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355; 23-352-364.

2.     The causes of action for unpaid overtime and minimum wage are brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime and minimum wage compensation, liquidated damages, statutory penalties and damages owed to Plaintiff and all others similarly situated.

3.     The causes of action for unpaid overtime and minimum wage are also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid compensation and treble damages resulting from Mega Furniture's violations of the Arizona Wage Statute.

4.     For both collective and class action purposes, the proposed Class consists of:
     All current and former Sales Associates who were employed
     by Mega Furniture in Arizona during the Liability Period
     ("Sales Associates").

5.     For at least three (3) years prior to the filing of this action (the "Liability Period"), Mega Furniture had and continues to have a consistent policy and practice of suffering or permitting employees who worked as Sales Associates, including Plaintiff, to

work well in excess of forty (40) hours per week, without paying them proper overtime compensation as required by federal and state wage and hour laws. Mega Furniture also had and continues to have a consistent practice of failing to pay the Sales Associates at least minimum wage. Plaintiff seeks to recover unpaid overtime compensation and minimum wage, including interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of himself and all similarly situated current and former Sales Associates who worked for Mega Furniture. Plaintiff and all similarly situated current and former Sales Associates who may opt-in pursuant to 29 U.S.C. § 216(b) also seek liquidated damages.

6.      Plaintiff intends to request the Court authorize notice to all similarly situated persons informing them of the pendency of the action and their right to "opt-into" this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime and minimum wage compensation and liquidated damages under federal law.

7.      Plaintiff also brings an individual claim against Mega Furniture for its unlawful retaliation against Plaintiff in violation of the FLSA. Plaintiff seeks to recover in his individual capacity lost wages and liquidated damages equal to the lost wages, front pay, compensatory damages, reasonable attorneys' fees and costs, pre-judgment interest, and punitive damages resulting from Mega Furniture's retaliation against him in violation of the FLSA.

## II. JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9.      Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District.  Plaintiff was employed by Mega Furniture in this District.

### III.  PARTIES

11.     At all times relevant to the matters alleged herein, Plaintiff Louie Medina resided in the State of Arizona in Maricopa County.

12.     Plaintiff was a full-time, non-exempt employee of Mega Furniture from in or around March 2011 until on or around August 14, 2016.

13.     During most of Plaintiff's employment with Mega Furniture, he was paid a commission only and was not guaranteed any minimum amount of wages; his pay was entirely dependent on the sales he made from the start of his employment until in or around March 2016.

14.     In or around March 2016, Mega Furniture began paying Plaintiff and the Sales Associates a guarantee of $2,200 per month or a commission, whichever was higher. However, if the Sales Associates did not follow company policies regarding the minimum number of hours worked or were otherwise disciplined, they would not receive the guarantee pay regardless of the amount of the commission they earned.

15.     Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A, is the Consent to Become a Party Plaintiff and Opt-Into Lawsuit, signed by the above-named Representative Plaintiff, Louie Medina, opting him into this lawsuit.

16.     Defendant Gilbert Mega Furniture, LLC is an Arizona limited liability company, authorized to do business in Arizona.

17.     Defendant Ahwatukee Mega Furniture, LLC is an Arizona limited liability company, authorized to do business in Arizona.

18.     Defendant Mega Furniture & Accessories, LLC is an Arizona limited liability company, authorized to do business in Arizona.

19.     Defendant Mega Furniture Avondale, LLC is an Arizona limited liability company, authorized to do business in Arizona.

20.     Defendant Mega Furniture Bell, LLC is an Arizona limited liability company, authorized to do business in Arizona.

21.     Defendant Mega Furniture Scottsdale, LLC is an Arizona limited liability company, authorized to do business in Arizona.

22.     Defendant Phoenix Mega Furniture, LLC is an Arizona limited liability company, authorized to do business in Arizona.

23.     Defendants Karim Kanjiyani and Jane Doe Kanjiyani are husband and wife. They have caused events to take place giving rise to this complaint as to which their marital community is fully liable.  Defendant Karim Kanjiyani is a Member of Mega Furniture.  As Member, Defendant Karim Kanjiyani sets employment policies for Mega Furniture, including but not limited to the amount and manner of compensation for the company's Sales Associates.  Upon information and belief, Defendant Karim Kanjiyani exercises control over Mega Furniture's operations, with authority to hire and fire employees, determine salaries, and control policies affecting significant aspects of the company's day-to-day functions.  The FLSA defines an "employer" as any individual who acts directly or indirectly in the interest of the employer in relation to an employee. Defendant Karim Kanjiyani is an employer under the FLSA.

24.     Defendants Saleem Kanjiyani and Jane Doe Kanjiyani are husband and wife. They have caused events to take place giving rise to this complaint as to which their marital community is fully liable.  Defendant Saleem Kanjiyani is a Member of Mega Furniture.  As Member, Defendant Saleem Kanjiyani sets employment policies for Mega Furniture, including but not limited to the amount and manner of compensation for the company's Sales Associates.  Upon information and belief, Defendant Saleem Kanjiyani exercises control over Mega Furniture's operations, with authority to hire and fire employees, determine salaries, and control policies affecting significant aspects of the

1   company's day-to-day functions.  The FLSA defines an "employer" as any individual who
2   acts directly or indirectly in the interest of the employer in relation to an employee.
3   Defendant Saleem Kanjiyani is an employer under the FLSA.

4        25.     Defendants Yasmin Daredia and John Doe Daredia are husband and wife.
5   They have caused events to take place giving rise to this complaint as to which their
6   marital community is fully liable.  Defendant Yasmin Daredia is a Member of Mega
7   Furniture.  As Member, Defendant Yasmin Daredia sets employment policies for Mega
8   Furniture, including but not limited to the amount and manner of compensation for the
9   company's Sales Associates.  Upon information and belief, Defendant Yasmin Daredia
10  exercises control over Mega Furniture's operations, with authority to hire and fire
11  employees, determine salaries, and control policies affecting significant aspects of the
12  company's day-to-day functions.  The FLSA defines an "employer" as any individual who
13  acts directly or indirectly in the interest of the employer in relation to an employee.
14  Defendant Yasmin Daredia is an employer under the FLSA.

15       26.     Defendants Yasmin Darcelia and John Doe Darcelia are husband and wife.
16  They have caused events to take place giving rise to this complaint as to which their
17  marital community is fully liable.  Defendant Yasmin Darcelia is a Member of Mega
18  Furniture.  As Member, Defendant Yasmin Darcelia sets employment policies for Mega
19  Furniture, including but not limited to the amount and manner of compensation for the
20  company's Sales Associates.  Upon information and belief, Defendant Yasmin Darcelia
21  exercises control over Mega Furniture's operations, with authority to hire and fire
22  employees, determine salaries, and control policies affecting significant aspects of the
23  company's day-to-day functions. The FLSA defines an "employer" as any individual who
24  acts directly or indirectly in the interest of the employer in relation to an employee.
25  Defendant Yasmin Darcelia is an employer under the FLSA.

26       27.     In addition, Section 15(a)(3) of the FLSA prohibits retaliation by "any
27  persons," including Defendants Karim Kanjiyani, Saleem Kanjiyani, Yasmin Daredia, and
28

1  Yasmin Darcelia, who as agents of Mega Furniture, are liable for retaliating against

2  Plaintiff as a result of Plaintiff acting as a witness during a Department of Labor

3  investigation related to overtime violations by Mega Furniture.

4        28.    Plaintiff and the Sales Associates are employees as defined in 29 U.S.C. §

5  203(e)(1) and are non-exempt employees under 29 U.S.C. § 213(a)(1) and A.R.S. § 23-

6  350(2).

7        29.    At all relevant times, Mega Furniture was an employer as defined by 29

8  U.S.C. § 203(d) and A.R.S. § 350(3) and all the named Defendants are also joint

9  employers under 29 C.F.R. § 791.2(b).  They are all associated with respect to

10  employment of the Sales Associates and have direct and indirect control over the Sales

11  Associates in their performance of duties as employees of Mega Furniture.  Plaintiff also

12  received pay statements from various different Mega Furniture entities which are named

13  as Defendants, including but not limited to Defendant Phoenix Mega Furniture, LLC and

14  Defendant Gilbert Mega Furniture, LLC.

15        30.    At all relevant times, Mega Furniture has been engaged in interstate

16  commerce and has been an enterprise whose gross annual volume of sales made or

17  business done is greater than $500,000.

18  **IV.  FACTUAL BACKGROUND**

19        31.    Mega Furniture is an Arizona limited liability company in the business of

20  selling furniture at ten locations throughout Arizona.

21        32.    Upon information and belief, Mega Furniture employs approximately 100

22  Sales Associates at its ten locations throughout Arizona.  The Sales Associates' principal

23  business is to assist customers in the sale of store merchandise and provide positive

24  customer service relations.

25        33.    Plaintiff was employed by Mega Furniture as a Sales Associate from in or

26  around March 2011 until on or around August 14, 2016.  There was a brief period during

27  2015 in which Plaintiff was a manager, but the majority of his employment was as a Sales

28

Associate.  This action is brought for unpaid wages he earned in his position as a Sales Associate.

34.    As a Sales Associate, Plaintiff assisted customers in the sale of Mega Furniture merchandise.

35.    During a typical week, Plaintiff was required to work at least five days per week.  The typical schedule was Monday through Saturday from ten in the morning until eight in the evening and on Sunday from ten in the morning until six in the evening, with two of those days off for a break.

36.    Plaintiff worked approximately forty-five (45) hours during the typical week.

37.    During most of Plaintiff's employment, he was paid a commission on the sales he completed as a Mega Furniture Sales Associate.

38.    During this time when he earned straight commission from the start of his employment until February 26, 2016, Plaintiff was frequently paid less than one and one half times the regular minimum wage and even less than the minimum wage, which in Arizona is currently $8.05.

39.    For example, Plaintiff worked 90 hours during the pay period from July 16, 2015 until July 31, 2015.  He earned only $518.38 during that pay period.  Plaintiff therefore earned only $5.76 per hour during that pay period, well below time and a half the minimum wage and even below minimum wage.  See Exhibit B.

40.    Plaintiff worked 90 hours during the pay period from September 16, 2015 until September 30, 2015.  He earned only $424.18 during that pay period.  Plaintiff therefore earned only $4.71 per hour during this pay period, well below time and a half the minimum wage and even below minimum wage.  See Exhibit B.

41.    Plaintiff worked 90 hours during the pay from November 1, 2015 until November 15, 2015.  He earned only $336.12 during that pay period.  Plaintiff therefore

1  earned only $3.73 per hour during this pay period, well below time and a half the

2  minimum wage and even below the minimum wage.  See Exhibit C.

3      42.     Effective March 1, 2016, Mega Furniture started paying Plaintiff and its

4  Sales Associates a $2,200 per month guarantee or the commission amount earned,

5  whichever was higher.  However, the Sales Associates would not earn the guarantee if

6  they had a disciplinary write-up during the pay period, failed to work five full days during

7  a workweek for a total of ninety hours per pay period, or failed to attend compulsory sales

8  trainings or meetings that were unpaid.  See Exhibit D.

9      43.     As a result, Sales Associates like Plaintiff frequently still earned less than

10  one and a half times the minimum wage or even earned less than the minimum wage on

11  many occasions after the guarantee was implemented.

12      44.     In fact, if Sales Associates did not work a minimum of five days per week

13  (or ninety hours per two-week pay period) or were disciplined for violating company

14  policy, they received only their commissions as pay even when that resulted in them

15  working for less than one and a half times the minimum wage and even less than the

16  minimum wage.

17      45.     In addition, the Sales Associates were required to work numerous hours off

18  the clock for which they were not paid.  The Sales Associates were required to attend

19  trainings and meetings on Saturdays that were unpaid.

20      46.     Plaintiff was required to attend a meeting for Sales Associates as frequently

21  as one time per week that lasted for approximately two hours.  The Sales Associates were

22  informed at these meetings about Mega Furniture merchandise and the goals and duties

23  for their job position.  The Sales Associates were not compensated for their attendance at

24  these mandatory meetings.

25      47.     Plaintiff routinely worked in excess of forty (40) hours per week as part of

26  his regular schedule as a Sales Associate, many hours for which he was required to work

27  off the clock.

28

48.     Plaintiff typically worked approximately forty-five (45) hours per week during his employment at Mega Furniture, plus additional time for meetings he was required to work off the clock each week.

49.     Despite having worked numerous hours of overtime, Plaintiff was not paid proper overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a work week.

50.     Plaintiff also earned less than the minimum wage during many workweeks.

51.     Mega Furniture also failed to timely pay Plaintiff all the wages that he was due in violation of the Arizona Wage Statute, including failing to pay him the minimum wage as required by the Arizona Wage Statute.

52.     Plaintiff's duties, hours and compensation are indicative of the similarly situated Sales Associates.

53.     Mega Furniture's improper policies and compensation practices applied to Plaintiff and all similarly situated Sales Associates he purports to represent.

54.     For example, Mega Furniture provided its employees, including Plaintiff, with written compensation policies uniformly applicable to all the Sales Associates governing how they would be paid.  The documents provide that Sales Associates shall be paid a guarantee but only if they worked a certain number of hours and were not disciplined.  On numerous occasions, this resulted in the Sales Associates earning less than the minimum wage.

55.     Mega Furniture willfully failed to comply with the FLSA by failing to pay Plaintiff the statutorily required overtime and minimum wage.

56.     On August 5, 2016, Plaintiff Medina was interviewed regarding Mega Furniture's unlawful wage and hour practices by Department of Labor investigator David S. White.

57.     Shortly thereafter, Mega Furniture Regional Manager Malik Kanjiyani contacted Plaintiff regarding his participation in the Department of Labor investigation.

1  Kanjiyani interrogated Plaintiff Medina regarding his involvement in the Department of

2  Labor investigation and insinuated that he should not be participating.

3        58.    Plaintiff Medina responded to Kanjiyani that he was entitled to answer the

4  Department of Labor investigator's questions, and that the responses he gave were

5  between Plaintiff Medina and the investigator.

6        59.    As a result of Plaintiff Medina's complaints about Mega Furniture's

7  unlawful wage practices and his participation in the Department of Labor investigation,

8  Mega Furniture, by and through its agent Malik Kanjiyani, terminated Plaintiff Medina's

9  employment on August 14, 2016.

10        **V.  COLLECTIVE ACTION ALLEGATIONS**

11        60.    Plaintiff brings his claim for unpaid overtime and minimum wage under the

12  FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action.  Plaintiff brings this action on behalf

13  of himself and others similarly situated, properly defined as:

14                  All current and former Sales Associates who were employed

15                  by Mega Furniture in Arizona during the Liability Period.

16        61.    Mega Furniture's illegal overtime and minimum wage practices were

17  widespread with respect to the proposed Class.  The failure to pay proper overtime and

18  minimum wage was not the result of random or isolated individual management decisions

19  or practices.

20        62.    Mega Furniture's overtime and minimum wage practices were routine and

21  consistent.  Throughout the Liability Period, employees regularly were not paid the proper

22  overtime wage despite working in excess of forty (40) hours per week.  They also

23  frequently were not paid the minimum wage.

24        63.    Other Sales Associates performed the same or similar job duties as Plaintiff.

25  Moreover, these Sales Associates regularly worked more than forty (40) hours in a

26  workweek without receiving overtime and often did not get paid the minimum wage

27

28

either.  Accordingly, the employees victimized by Mega Furniture's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

64.    Mega Furniture's failure to pay overtime compensation and minimum wage at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the other Sales Associates employed by Mega Furniture.

65.    The specific job requirements of the members of the collective action do not prevent collective treatment.  All Sales Associates, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) per week and the minimum wage.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI.  CLASS ACTION ALLEGATIONS

66.    The state law claims under the Arizona Wage Statute are brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3).  The Class is defined in paragraph 2 above.

67.    Throughout the Liability Period, Mega Furniture has employed a large number of Sales Associates.  The Class is therefore so numerous that joinder of all members is impracticable.  Members of the Class can readily be identified from business records maintained by Mega Furniture.

68.    Proof of Mega Furniture's liability under the Arizona Wage Statute involves factual and legal questions common to the Class.  Whether Mega Furniture paid Class members the proper wages due in accordance with A.R.S. §§ 23-351, 23-353, 23-355 and 23-364 is a question common to all Class members.

69.    Like Plaintiff, all Class members worked without being paid the statutorily required wages.  Plaintiff's claim is therefore typical of the claims of the Class.

70.     Plaintiff has no interest antagonistic to those of other Class members and has retained attorneys who are knowledgeable in wage and hour and class action litigation. The interests of Class members are therefore fairly and adequately protected.

71.     This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

72.     In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Arizona Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources.   Further, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the Class to individually redress the wrongs done to them.

73.     Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class members.  Although the amount of damages may differ by individual, they are objectively ascertainable and can be easily calculated.

## VII.  COUNT ONE

### (Failure to Pay Minimum Wage – FLSA – 29 U.S.C. § 206)

74.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

75.     Plaintiff and Sales Associates were non-exempt employees entitled to the statutorily mandated minimum hourly wage.

76.     Mega Furniture was an "employer" as defined by 29 U.S.C. § 203(d).

77.     Mega Furniture failed to pay minimum wage to Plaintiff and Sales Associates during their employment.

78.     Plaintiff and Sales Associates' total compensation divided by total hours worked was regularly less than minimum wage.

79.     Mega Furniture's failure to pay minimum wage to Plaintiff and Sales Associates was willful.  Defendants knew Plaintiff and Sales Associates were not earning an average hourly wage at least equal to the required minimum wage and had no reason to believe their failure to pay minimum wage was not a violation of the FLSA.

80.     Plaintiff and Sales Associates are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

### VIII.  COUNT TWO

### (Failure to Properly Pay Overtime Wages – FLSA – 29 U.S.C. § 207)

81.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

82.     Plaintiff and Sales Associates were non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

83.     Mega Furniture was an "employer" pursuant to 29 U.S.C. § 203(d).

84.     Mega Furniture failed to comply with 29 U.S.C. § 207 because Plaintiff and Sales Associates worked for Mega Furniture in excess of forty (40) hours per week, but Mega Furniture failed to pay Plaintiff and Sales Associates for those excess hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

85.     Mega Furniture's failure to pay overtime to Plaintiff and Sales Associates was willful.  Mega Furniture knew Plaintiff was working overtime but failed to properly pay overtime wages.  Mega Furniture had no reason to believe its failure to pay overtime was not a violation of the FLSA.

86.     Plaintiff and Sales Associates are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

## IX.  COUNT THREE

### (Failure to Pay Timely Wages Due – Arizona Wage Statute)

87.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

88.     Mega Furniture was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

89.     Mega Furniture was aware that, under A.R.S. §§ 23-351-353, it was obligated to pay all wages due to Plaintiff and Sales Associates.

90.     Mega Furniture failed to timely pay Plaintiff and Sales Associates wages due without a good faith basis for withholding the wages.

91.     Mega Furniture has willfully failed and refused to timely pay wages due to Plaintiff and Sales Associates.  As a result of Mega Furniture's unlawful acts, Plaintiff and Sales Associates are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## X.  COUNT FOUR

### (Failure to Pay Minimum Wage – Arizona Wage Statute)

92.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

93.     Mega Furniture was aware of its obligation to pay state minimum wages pursuant to A.R.S. § 23-363.

94.     Mega Furniture failed to pay minimum wage to Plaintiff and Sales Associates as required by state law.

95.     Mega Furniture willfully failed to pay minimum wage due to Plaintiff and Sales Associates.  As a result of Mega Furniture's unlawful acts, Plaintiff and Sales Associates are entitled to the statutorily remedies provided pursuant to A.R.S. § 23-364.

## XI.  COUNT FIVE

### (Unlawful Retaliation – FLSA – 29 U.S.C. § 215)

96.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

97.     Plaintiff brings this Count on his own behalf only.

98.     On or around August 5, 2016, Plaintiff Medina engaged in protected activity by participating as a witness in a Department of Labor investigation regarding FLSA violations that had been initiated against Mega Furniture.

99.     As a direct and proximate result of Plaintiff Medina's complaints about Mega Furniture's unlawful wage practices and his participation in the Department of Labor investigation, Mega Furniture, by and through its agent Malik Kanjiyani, terminated Plaintiff Medina's employment on August 14, 2016.

100.    Mega Furniture's actions constitute materially adverse employment action in violation of 29 U.S.C. § 215(a)(3).

101.    It is unlawful for Mega Furniture to retaliate against Plaintiff because he has made any complaint, whether in writing or orally, that Mega Furniture violated or was violating any provision of the FLSA or for participating in the Department of Labor investigation.  29 U.S.C. § 215(a)(3).

102.    There is a causal connection between Plaintiff engaging in the aforementioned protected activity and his termination in that but for the Plaintiff engaging in the protected activity, Mega Furniture would not have terminated Plaintiff's employment.

103.    Plaintiff's protected activity was a motivating factor in the decision by Mega Furniture to discipline Plaintiff and terminate him.  Mega Furniture indicated that Plaintiff was terminated for allegedly improper treatment of another employee, but those allegations are pretextual and the reason Plaintiff was terminated was for retaliation for his participation in the Department of Labor investigation.

104.    Plaintiff has been damaged as a direct and proximate cause of Mega Furniture and the action and conduct of Mega Furniture.

105.    Mega Furniture's conduct in taking adverse action against Plaintiff's employment was done with ill will, spite, malice, for the purpose of injuring Plaintiff and with a complete indifference of Plaintiff's rights.

106.    Mega Furniture's conduct in taking adverse action toward Plaintiff's employment harmed Plaintiff and was malicious, oppressive or in reckless disregard of his rights.  Mega Furniture therefore should be required to respond to Plaintiff in the form of a punitive or exemplary damage award under federal law.

## XII.  REQUESTED RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, prays:

A.    For the Court to order Mega Furniture to file with this Court and furnish to Plaintiffs' counsel a list of the names and addresses of all current and former Sales Associates for the past three years;

B.    For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former Sales Associates for the past three years immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt-into this lawsuit if they worked hours in excess of forty (40) hours in a week during the Liability Period, but were not paid overtime as required by the FLSA;

C.    For the Court to declare and find that Mega Furniture committed one or more of the following acts:

i.    violated provisions of the FLSA, 29 U.S.C. § 206-207, by failing to pay overtime and minimum wages to Plaintiff and persons similarly situated who opt-into this action;

ii.     willfully violated overtime and minimum wage provisions of the FLSA, 29 U.S.C. § 206-207;

iii.    willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff and those similarly situated, as well as willfully failing to pay them the state minimum wage pursuant to A.R.S. §§ 23-350 et seq. and 23-363 et seq.;

D.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

E.      For the Court to award interest on all overtime and minimum wage compensation due accruing from the date such amounts were due;

F.      For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

G.      For the Court to award restitution;

H.      For the Court to declare and find that the Defendants violated the non-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3);

I.      For the Court to award compensatory and punitive damages, including lost wages and liquidated damages equal to the lost wages and front pay, to be determined at trial;

J.      For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-365(G);

K.      For the Court to award pre- and post-judgment interest;

L.      For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and

M.      For such other relief as the Court deems just and proper.

## X.  DEMAND FOR JURY TRIAL

107.    Plaintiff, on behalf of himself and all others similarly situated, hereby demands trial of his claims by jury to the extent authorized by law.

1       DATED:  November 21, 2016

2                                   BONNETT, FAIRBOURN, FRIEDMAN
                                  & BALINT, P.C.

3

4                                      /s/ Ty D. Frankel

                                  Ty D. Frankel
5                                   2325 E. Camelback Road, Suite 300
                                  Phoenix, Arizona 85016
6                                   Telephone:  602-274-1100
                                  Facsimile:   602-798-5860
7

8                                   BONNETT, FAIRBOURN, FRIEDMAN &
                                  BALINT, P.C.
9                                   Patricia N. Syverson
                                  600 W. Broadway, Suite 900
10                                   San Diego, California 92101

11                                   Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28