1  *Law Offices of*
2  ***BONNETT, FAIRBOURN,***
   ***FRIEDMAN & BALINT, P.C.***
3  *2325 E. Camelback Road, Suite 300*
   *Phoenix, Arizona 85016*
4  *Telephone: (602) 274-1100*
5  *Ty D. Frankel (AZ Bar No. 027179)*
   *tfrankel@bffb.com*
6
7  *Law Offices of*
   ***BONNETT, FAIRBOURN,***
8  ***FRIEDMAN & BALINT, P.C.***
   *600 W. Broadway, Suite 900*
9  *San Diego, California 92101*
10 *Telephone: (619) 756-7748*
   *Patricia N. Syverson (AZ Bar No. 020191)*
11 *psyverson@bffb.com*

12
13            **IN THE UNITED STATES DISTRICT COURT**
14                    **DISTRICT OF ARIZONA**

15 | Louie Medina, on behalf of himself and all those similarly situated, | Case No. 2:16-cv-04033-SPL |
   | --- | --- |
   | Plaintiff, | **PLAINTIFFS MICHAEL INNES AND LARRY BERISFORD'S MOTION FOR CERTIFICATION OF FINAL JUDGMENT** |
   | v. | |
   | Gilbert Mega Furniture, LLC, *et al.*, | **AND** |
   | Defendants. | **PLAINTIFF LOUIE MEDINA'S NOTICE OF SETTLEMENT** |

23    Plaintiffs Michael Innes and Larry Berisford (the "Opt-In Plaintiffs"), through
24 undersigned counsel, submit this Motion for Fed. R. Civ. P. 54(b) certification. Plaintiff
25 Medina also provides his Notice of Settlement.

- 1 -

## I. Relevant Background

On November 21, 2016, Plaintiff Louie Medina filed a lawsuit under the Fair Labor Standards Act ("FLSA") for unpaid overtime and retaliation. His claim for unpaid overtime was brought as a collective action, to enable other similarly situated employees to join the case in the event they believed they were owed overtime too. Opt-In Plaintiffs Berisford and Innes filed Consents to Opt-In and pursue the back wages they believed they were owed from their time employed as Sales Associates at Mega Furniture. Each of the respective Plaintiffs – Medina, Berisford, and Innes – had joined the case to pursue their claims for back wages under the FLSA.

On November 17, 2017, Opt-In Plaintiffs Berisford and Innes served on Defendants written acceptances of Offers of Judgment for $1,218.11 and $1,559.89 respectively. Doc. 41-3-41-5. On November 20, 2017, they filed a Notice of Acceptance with the Court. Doc. 41. Plaintiff Medina, however, did not accept the offer of judgment that had been served on him. Opt-In Plaintiffs Berisford and Innes, having accepted the offers of judgment, then moved for attorneys' fees and costs under the FLSA on November 21, 2017. Doc. 42. This Court denied the lodging of the motion for attorneys' fees and costs, indicating that the request for attorneys' fees was premature because the offers of judgment did not resolve all of the claims in the case. Doc. 50.

At this time, Plaintiff Medina and Defendants have entered into a private settlement agreement, resolving Plaintiff Medina's claims for unpaid overtime and retaliation. Plaintiff Medina provides this Notice of Settlement and will file a dismissal of his claims at the appropriate time in accordance with the terms of the settlement agreement. As a result, there are no remaining claims to be resolved by this Court. Opt-In Plaintiffs Berisford and Innes therefore ask this Court to grant this Rule 54(b) motion and enter a partial judgment

in favor of Opt-In Plaintiffs Innes and Berisford once their motion for attorneys' fees and costs is ruled upon.[1]

## II.     Legal Analysis

Opt-In Plaintiffs Innes and Berisford asserted claims for unpaid overtime against Defendants.  They each accepted offers of judgment and filed notices of their acceptances on November 20, 2017.  Doc. 41.  On May 25, 2018, the only remaining plaintiff, Plaintiff Medina, entered into a private settlement with Defendants.  Now that ***all*** the claims by ***all*** the Plaintiffs have been settled, there is no just reason to delay entering judgment on the Opt-In Plaintiffs' claims for back wages.  A court enters partial judgment:

> when an action presents more than one claim for relief. . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Fed. R. Civ. P.* 54(b).  There are two factors to consider when determining whether to enter Rule 54(b) judgment:  (1) whether the claims under review are separable from other claims remaining in the case that have yet to be adjudicated; and (2) whether the nature of the claim already determined was such that no appellate court would be at risk having to decide the same issues more than once if an appeal is filed.  *See Curtiss-Wright v. General Electric Co.*, 446 U.S. 1, 8 (1980); *Amerisource Bergin Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006).

Here, both factors are satisfied such that entering judgment in favor of Opt-In Plaintiffs Berisford and Innes is warranted.  There are no additional claims yet to be adjudicated at this time.  Plaintiff Medina settled the entirety of his claims through a private settlement agreement.  Opt-In Plaintiffs Innes and Berisford settled their claims for back

---

[1] Plaintiff Medina resolved his individual claims, including his attorneys' fees and costs, through the private settlement.  The motion for fees and costs for which the Opt-In Plaintiffs Berisford and Innes seek consideration by this Court requests only those fees and costs related to their respective claims for unpaid overtime under the FLSA.

wages by accepted the offers of judgment.  The only issue left to be determined is whether Opt-In Plaintiffs Innes and Berisford are entitled to attorneys' fees and costs following acceptance of the amounts in the offers of judgment.

### III.	Conclusion

For the reasons stated above, Opt-In Plaintiffs Innes and Berisford respectfully request this Court to grant their request for Fed. R. Civ. P. 54(b) certification in accordance with the proposed order.

In addition, Opt-In Plaintiffs Innes and Berisford respectfully resubmit their Motion for Attorneys' Fees and Costs previously lodged under seal but rejected as premature for this Court's consideration, filing it contemporaneously with a separate Notice of filing.  In light of the instant Motion, the Opt-In Plaintiffs believe the attorneys' fees and costs issue already fully briefed by the parties is now ripe for review.  The response and reply to the motion for attorneys' fees and costs were previously filed at Doc. 45 and 46 respectively.  Once the issue of attorneys' fees and costs is addressed, the Opt-In Plaintiffs will submit a proposed judgment encompassing the totality of relief awarded for this Court's review.

DATED:  June 12, 2018.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

  /s Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 798-5860

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 798-4593

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Karen Vanderbilt, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing.

/s/ Karen Vanderbilt