*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Louie Medina, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br>v.<br><br>Gilbert Mega Furniture, LLC, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-04033-SPL<br><br>**PLAINTIFFS MICHAEL INNES AND LARRY BERISFORD'S MOTION FOR CERTIFICATION OF FINAL JUDGMENT** |

Plaintiffs Michael Innes and Larry Berisford (the "Opt-In Plaintiffs"), through undersigned counsel, submit this Motion for Fed. R. Civ. P. 54(b) certification. This Motion is submitted pursuant to this Court's Order regarding certification of a judgment dated June 15, 2018 (Doc. 53).

- 1 -

## I. Relevant Background

On November 21, 2016, Plaintiff Louie Medina filed a lawsuit under the Fair Labor Standards Act ("FLSA") for unpaid overtime and retaliation. His claim for unpaid overtime was brought as a collective action, to enable other similarly situated employees to join the case in the event they believed they were owed overtime too. Opt-In Plaintiffs Berisford and Innes filed Consents to Opt-In and pursue the back wages they believed they were owed from their time employed as Sales Associates at Mega Furniture. Each of the respective Plaintiffs – Medina, Berisford, and Innes – had joined the case to pursue their claims for back wages under the FLSA.

On November 17, 2017, Opt-In Plaintiffs Berisford and Innes served on Defendants written acceptances of Offers of Judgment for $1,218.11 and $1,559.89 respectively. Doc. 41-3-41-5. On November 20, 2017, they filed a Notice of Acceptance with the Court. Doc. 41. Plaintiff Medina, however, did not accept the offer of judgment that had been served on him. Opt-In Plaintiffs Berisford and Innes, having accepted the offers of judgment, then moved for attorneys' fees and costs under the FLSA on November 21, 2017. Doc. 42. This Court denied the lodging of the motion for attorneys' fees and costs, indicating that the request for attorneys' fees was premature because the offers of judgment did not resolve all of the claims in the case. Doc. 50. Following an earlier submission to this Court seeking certification of a final judgment, the Court ruled that Opt-In Plaintiffs Innes and Berisford could move for attorneys' fees and costs upon entry of final judgment in this case. Doc. 53.

At this time, Plaintiff Medina's case is settled and was dismissed by this Court on July 18, 2018. Doc. 54. Opt-In Plaintiffs Berisford and Innes accepted offers of judgment resolving their claims and request that judgment be entered in their favor accordingly. Doc. 41-3-41-5. There are no remaining claims to be resolved by this Court, with all claims either dismissed or resolved through the accepted offers of judgment. Opt-In Plaintiffs Berisford

and Innes therefore ask this Court to grant this Rule 54(b) motion and enter a final judgment in favor of Opt-In Plaintiffs Innes and Berisford.[1]

## II.     Legal Analysis

Opt-In Plaintiffs Innes and Berisford asserted claims for unpaid overtime against Defendants. They each accepted offers of judgment and filed notices of their acceptances on November 20, 2017. Doc. 41. On May 25, 2018, the only remaining plaintiff, Plaintiff Medina, entered into a private settlement with Defendants and his claim was dismissed on July 18, 2018. Doc. 54. Now that ***all*** the claims by ***all*** the Plaintiffs have concluded, there is no just reason to delay entering judgment on the Opt-In Plaintiffs' claims for back wages. A court enters partial judgment:

> when an action presents more than one claim for relief. . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Fed. R. Civ. P.* 54(b). There are two factors to consider when determining whether to enter Rule 54(b) judgment: (1) whether the claims under review are separable from other claims remaining in the case that have yet to be adjudicated; and (2) whether the nature of the claim already determined was such that no appellate court would be at risk having to decide the same issues more than once if an appeal is filed. *See Curtiss-Wright v. General Electric Co.*, 446 U.S. 1, 8 (1980); *Amerisource Bergin Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006).

Here, both factors are satisfied such that entering judgment in favor of Opt-In Plaintiffs Berisford and Innes is warranted. There are no additional claims yet to be

---

[1] Opt-In Plaintiffs Innes and Berisford should have final judgment entered for the amounts allocated in their accepted offers of judgment. Doc. 41-3-41-5. However, this Court indicated Opt-In Plaintiffs Innes and Berisford could refile their motion for attorneys' fees and costs associated with their claims after final judgment is entered. Doc. 53. Opt-In Plaintiffs Berisford and Innes intend to file their motion for attorneys' fees and costs upon entry of judgment in their favor or other direction from this Court about how to proceed.

1  adjudicated at this time.  Plaintiff Medina settled the entirety of his claims through a private
2  settlement agreement and the action was dismissed on July 18, 2018.  Doc. 54.  Opt-In
3  Plaintiffs Innes and Berisford settled their claims for back wages by accepted the offers of
4  judgment.  Doc. 41-3-41-4.  The only issue left to be determined is whether Opt-In Plaintiffs
5  Innes and Berisford are entitled to attorneys' fees and costs following their acceptances of
6  the amounts in the offers of judgment.

**III.    Conclusion**

For the reasons stated above, Opt-In Plaintiffs Innes and Berisford respectfully request this Court to grant their request for Fed. R. Civ. P. 54(b) certification in accordance with the proposed order filed with this Motion.

In addition, Opt-In Plaintiffs Innes and Berisford will respectfully resubmit their Motion for Attorneys' Fees and Costs previously lodged under seal but rejected as premature for this Court's consideration once this Court enters final judgment or otherwise directs them to do so.  That Motion for Attorneys' Fees and Costs was previously briefed by the parties.

DATED:  July 18, 2018.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

  /s Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 798-5860

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 798-4593

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Karen Vanderbilt, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing.

/s/ Karen Vanderbilt