# EXHIBIT A

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Louie Medina, on behalf of himself and all those similarly situated, | Case No. 2:16-cv-04033-SPL |
| Plaintiff, | **PLAINTIFFS MICHAEL INNES AND LARRY BERISFORD'S MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS AND SUPPORTING MEMORANDUM** |
| v. | |
| Gilbert Mega Furniture, LLC, *et al.*, | |
| Defendants. | **UNDER SEAL** |

Plaintiffs Michael Innes and Larry Berisford (the "Settling Plaintiffs"), who in writing accepted Offers of Judgment on November 17, 2017, move for an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). Fed.R.Civ.P. 54(d)(2) and L.R.Civ.P. 54.2, Local Rules of the United States District Court for the District of Arizona are instructive, even though the Settling Plaintiffs are entitled to fees as part of their damages under 29 U.S.C. § 216(b) and L.R.Civ.P. 54.2(a) states that the local rule does not apply

- 1 -

1   when fees are recoverable as an element of damages  Although they may not be required to

2   do so, the Settling Plaintiffs find the local rules instructive for the Court in assessing their

3   request for fees and costs and thus adhere to its framework.  Pursuant to L.R.Civ.P. 54.2(d),

4   a Statement of Consultation is attached as Exhibit A.

5       On November 17, 2017, the Settling Plaintiffs served on Defendants written

6   acceptances of Offers of Judgment for $1,218.11 and $1,559.89 respectively.  Doc. 41-3 –

7   41-5.  On November 20, 2017, the Settling Plaintiffs filed a Notice of Acceptance with the

8   Court.  Doc. 41.  As successful parties, the Settling Plaintiffs are entitled to reasonable

9   attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).  The Settling Plaintiffs seek

10  recovery of attorneys' fees in the amount of $35,682.67 and costs in the amount of

11  $1,040.75.  This fee application in supported by the following memorandum of points and

12  authorities and corresponding exhibits referenced herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Introduction

15      This action arose out of a dispute involving Gilbert Mega Furniture, LLC's[1] failure

16  to pay overtime wages in accordance with the Fair Labor Standards Act ("FLSA").  Mega

17  Furniture employs Sales Associates like the Settling Plaintiffs to assist customers in the sale

18  of Mega Furniture merchandise.  The Settling Plaintiffs alleged that they are not exempt

19  from overtime because they are commissioned employees whose wages routinely fell below

20  time and a half the minimum wage.  *See* Exhibit B, Department of Labor Fact Sheet #20

21  (noting that for a commissioned employee to be exempt from overtime the employee's

22  regular rate must exceed one and one-half times the applicable minimum wage for every

23  hour worked in a workweek where they worked overtime).

---

25  [1]The Defendants in the case are Gilbert Mega Furniture, LLC, Ahwatukee Mega Furniture, LLC,
    Mega Furniture & Accessories, LLC, Mega Furniture Avondale, LLC, Mega Furniture Bell, LLC,
26  Mega Furniture Scottsdale, LLC, Phoenix Mega Furniture, LLC, Karim Kanjiyani and Jane Doe
    Kanjiyani, Saleem Kanjiyani and Jane Doe Kanjiyani, Yasmin Daredia and John Doe Daredia, and
27  Yasmin Darcelia and John Doe Darcelia (collectively referred to in this Motion as "Defendants" or
    "Mega Furniture").

1    The Settling Plaintiffs were paid a commission on the sales they completed.  Mega

2  Furniture paid Sales Associates straight commission until February 26, 2016, and they often

3  earned less than one and one half times the regular minimum wage and even less than the

4  minimum wage.

5    Effective March 1, 2016, Mega Furniture started paying its Sales Associates like the

6  Settling Plaintiffs a $2,200 per month guarantee or the commission amount earned,

7  whichever was higher.  However, the Sales Associates would not earn the guarantee if they

8  had a disciplinary write-up during the pay period, failed to work five full days during a

9  workweek for a total of ninety hours per pay period, or failed to attend compulsory sales

10  trainings or meetings that were unpaid.  As a result of these wage practices, Sales Associates

11  like the Settling Plaintiffs frequently still earned less than one and a half times the minimum

12  wage or even earned less than the minimum wage on many occasions after the guarantee

13  was implemented. In fact, if Sales Associates did not work a minimum of five days per week

14  (or ninety hours per two-week pay period) or were disciplined for violating company policy,

15  they received only their commissions as pay even when that resulted in them working for

16  less than one and a half times the minimum wage and even less than the minimum wage.

17    Despite having worked numerous hours of overtime, the Settling Plaintiffs alleged

18  that they were not paid proper overtime wages at a rate of one and one-half times their

19  regular rate of pay for hours worked over forty (40) in a work week.  Mega Furniture

20  defended the case maintaining that it paid the Settling Plaintiffs all wages due and disputing

21  the allegations of the Settling Plaintiffs.

22    On November 17, 2017, the Settling Plaintiffs served on Defendants written notice

23  of their acceptance of the Offers of Judgment for the amount of back wages determined

24  during a Department of Labor investigation.  Doc. 41-3 – 41-5.  The Settling Plaintiffs' filed

25  notice of the acceptance of a Rule 68 Offer of Judgment with the Court on November 20,

26  2017.  Doc. 41.  The Court has authority to enter a final judgment for the amount of back

27  wages after the Settling Plaintiffs accepted Mega Furniture's Offers of Judgment, making it

28

appropriate to file a timely Motion for attorneys' fees guaranteed by the FLSA.  *See* L.R.Civ.P. 54.2.  As a successful party in an action arising out of the FLSA, the Settling Plaintiffs are entitled to recover attorneys' fees.  *See* 29 U.S.C.A. § 216(b)(under the act a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action).

Under L.R.Civ.P. 54.2(c), a party seeking attorneys' fees must establish eligibility to fees, entitlement to fees, and the reasonableness of the requested award.  As detailed below, the Settling Plaintiffs satisfy all of these criteria and are entitled to attorneys' fees in the amount of $35,682.67, plus costs in the amount of $1,040.75.

## II.    The Settling Plaintiffs are Eligible for an Award of Attorneys' Fees

The Settling Plaintiffs are eligible for an award of attorneys' fees pursuant to the fee shifting provision of the FLSA requiring employers to pay for the prevailing employee's attorneys' fees.  The accepted Fed.R.Civ.P. 68 Offers of Judgment provided the Settling Plaintiffs an amount of money to cover their back wages owed.  *See* Doc. 41-1 – 41-2.  *See also* Exhibit B, Department of Labor Fact Sheet #20.  However, the FLSA's fee-shifting provision requires employers, *including those that settle cases*, to pay the employee's reasonable attorneys' fees and costs in having to bring a lawsuit to recover their unpaid wages.  29 U.S.C. § 216(b)("The court in such action <u>shall</u>, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee <u>to be paid by the defendant</u>, and costs of the action.")(emphasis added); *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983)("The FLSA grants prevailing plaintiffs a reasonable attorneys' fee.").  When an Offer of Judgment provides only an award for back wages and is silent regarding attorneys' fees, as is the case here, the law, including from the Ninth Circuit Court of Appeals, is explicit that a plaintiff is entitled to attorneys' fees requested by motion.  *See Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833-34 (9th Cir. 1997)(holding that a Rule 68 offer that was silent as to attorney's fees did not preclude the plaintiff from seeking attorney's fees pursuant to the applicable underlying statute); *see also*

1  *Webb v. James*, 147 F.3d 617, 623 (7th Cir. 1998)(holding that court may award additional

2  amount for fees and costs when offer of judgment does not address those amounts).

3  **III.    The Settling Plaintiffs are Entitled to Attorneys' Fees under 29 U.S.C. § 216(b)**

4          The Settling Plaintiffs are entitled to an award of attorneys' fees and costs pursuant

5  to the accepted Offers of Judgment and the fee shifting provision of the FLSA.  The FLSA's

6  fee-shifting provision requires employers, including those that settle cases, to pay the

7  employee's reasonable attorneys' fees and costs in having to bring a lawsuit to recover their

8  unpaid wages.  *See* 29 U.S.C. § 216(b)("The court in such action <u>shall</u>, in addition to any

9  judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee <u>to be paid</u>

10 <u>by the defendant</u>, and costs of the action.")(emphasis added); *Newhouse v. Robert's Ilima*

11 *Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983)("The FLSA grants prevailing plaintiffs a

12 reasonable attorneys' fee."); *see also Diaz v. Robert Ruiz, Inc.*, 808 F.2d 427, 428 (5th Cir.

13 1987)(holding that plaintiff is entitled to attorneys' fees for FLSA claims where parties

14 settled regarding merits but not attorneys' fees).

15         The reason for the FLSA's fee-shifting provisions is clear.  As the Ninth Circuit

16 explained, Congress intended that the wronged employee receive his wages plus penalty

17 without incurring any expense for legal fees or costs in actions brought under the FLSA.

18 *Sinyard v. C.I.R.*, 268 F.3d 756, 761 (9th Cir. 2001).  Indeed, "allowing an award of

19 attorneys' fees under FLSA cases . . . encourage[s] employees to vindicate what Congress

20 considers an important right to receive wages designed to ensure a minimum standard of

21 living." *Fisher v. Stolaruk Corp.*, 648 F. Supp. 486, 487 (E.D. Mich. 1986)(stating that the

22 plaintiff acts as a private attorney general); *see also Houser v. Matson*, 447 F.2d 860, 863

23 (9th Cir. 1971)(holding that district court frustrated Congressional purpose by leaving the

24 onus of counsel fees entirely upon successful employees).

25 **IV.    The Amount of Attorneys' Fees is Reasonable under the Lodestar Method**

26         In determining the reasonableness of attorneys' fees under the FLSA, a court first

27 determines the "lodestar" figure, which is the number of hours reasonably expended by

28

counsel multiplied by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Gary v. Health Care Servs.*, 744 F. Supp. 277, 278 (M.D. Ga. 1990).  The court then may increase or reduce the lodestar amount depending on the particular circumstances of the case.  *Id.*

### A.     The Hourly Rates Billed Are Reasonable

First, the hourly rates charged by the Settling Plaintiffs' counsel are reasonable in light of their experience, reputation, and ability.  In determining a reasonable hourly rate, courts look to the reasonable hourly rate for attorneys of a similar caliber practicing in the community.  *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995)(stating that calculation of the reasonable hourly rate requires inquiry into the prevailing market rates in the community); *see also Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996)("[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.").

Here, Counsels' billing rates ranged from $190 to $600 per hour as follows:

| Professional | Position | Hours* | Rate/Hour | Lodestar |
|---|---|---|---|---|
| Patricia N. Syverson | Shareholder | 9.5 | $600.00 | $5,700.00 |
| Ty D. Frankel | Shareholder | 114.6 | $350.00 | $40,110.00 |
| Karen M. Vanderbilt | Paralegal | 12.6 | $190.00 | $2,394.00 |
| David J. Streyle | Paralegal | 28.0 | $190.00 | $5,320.00 |
| | **Totals:** | **164.7** | | **$53,524.00** |

*(These hours do not include those deducted based on "billing judgment")

Total in attorneys' fees:  $53,524.00

Non-taxable Costs (see receipts):  $1,561.13

*See* Affidavit of Ty D. Frankel in Support of Plaintiffs Michael Innes and Larry Berisford's Motion for Reasonable Attorneys' Fees and Costs ("Frankel Aff.").

1    This chart reflects the rates of the attorneys involved in the action, which are
2    reasonable in light of their experience, reputation, and ability.  Frankel Aff., ¶¶ 2-5, 11, 12.
3    Patricia N. Syverson, who bills at $600 an hour, is a shareholder, with 17 years of litigation
4    experience.  Ty D. Frankel, who bills at $350 an hour, is a shareholder, with more than 8
5    years of experience litigating wage and hour cases.  Frankel Aff., ¶¶ 2, 3.  The rates take
6    into account the level of experience and expertise of the individual performing the task.
7    Frankel Aff., ¶¶ 11, 12.

8    The Settling Plaintiffs deleted time entries that solely related to Plaintiff Medina,
9    who has not settled his claim and his case is continuing.  In addition, the Settling Plaintiffs
10   reduced the remaining fees by a total of one-third as well, to account for the fact that Plaintiff
11   Medina did not settle.  Of the fees that are included in this request, the Settling Plaintiffs
12   significantly reduced the time spent on various tasks such as researching the claims and
13   reviewing documents to ensure the reasonableness of the fee.  Frankel Aff., ¶¶ 7-9.  *See also*
14   Task Based Itemized Statement of Fees and Costs, attached as Exhibit 1 to Frankel Aff.

15   Of the more than 200 hours worked on the case, the Settling Plaintiffs are only asking
16   for 164.7 hours, reflecting a reduction based on billing judgment and accounting for time
17   spent working with the Plaintiff who has not settled.  *See* Task Based Itemized Statement
18   of Fees and Costs, attached as Exhibit 1 to Frankel Aff.  Ultimately, this Motion for
19   $35,682.67 in attorneys' fees converts to an average billing rate of approximately $332.50,
20   which is within the range of reasonableness for an FLSA case.  *See*, *e.g.*, *Felix v. Buddy's*
21   *Painting Serv., Inc.*, No. 6:07-cv-1277, 2008 WL 1909117, at *2 (M.D. Fla. Apr. 30,
22   2008)("The Court finds $300.00 per hour for attorney work and $95.00 per hour for
23   paralegal work to be a reasonable rate in this FLSA case."); *James v. Wash Depot Holdings,*
24   *Inc.*, 489 F. Supp. 2d 1341, 1350-51 (S.D. Fla. 2007)(in individual FLSA action, holding
25   that attorneys who had practiced in the relevant field for over 10 years were entitled to a
26   rate of $450 an hour and attorneys who had been practicing in the relevant field for 4 to 6
27   years were entitled to $270 an hour).

28

**B.** **The Time and Labor Expended Was Reasonable**

Additionally, the amount of time spent by the attorneys was reasonable given the course of the litigation. The Settling Plaintiffs began this litigation by performing preliminary legal and factual research and filing a Complaint in November, 2016. Doc. 1. The Settling Plaintiffs then engaged in tasks associated with preparation of the case management plan, initial disclosures, and preparing and reviewing responses to discovery requests. Once it was clear that the Settling Plaintiffs believed their claims should be resolved, they began reaching out to Defendants' counsel in hopes of resolving the litigation and keeping the fee amount reasonable. The attorneys' fees in this case represent the reasonable time spent conducting initial research regarding intake of the case, drafting the complaint, preparing and reviewing responses to written discovery, conferring regarding outstanding discovery, discussing settlement, and ultimately accepting the offers of judgment and submitting this fee application to the Court.[2] Frankel Aff. ¶ 13.

In addition to expending a reasonable number of hours at each stage of this litigation, counsel exercised billing judgment prior to submitting this fee application. Frankel Aff., ¶¶ 7-9, 13. As discussed above, Counsel wrote off a significant number of hours that were determined unproductive, excessive, or redundant. *Id.*; *See Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Ultimately, the Settling Plaintiffs' counsel have performed billing reductions totaling more than $7,300, even prior to reducing the bill by one-third to reflect a reduction for Plaintiff Medina's time. Frankel Aff., ¶¶ 7-9, 13.

Overall, the amount of attorneys' fees requested is reasonable under the Lodestar method. The Settling Plaintiffs' counsel bill at reasonable hourly rates for their skill and

---

[2] Attorneys' fees are properly awarded for time spent prior to and during settlement negotiations, as well as the time spent in preparation of the fee application. *Holland v. Roeser*, 37 F.3d 501, 503, 504 (9th Cir. 1994)(holding that fees incurred in preparing post-offer fee petition were compensable); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986)(holding that time spent litigating attorneys' fees is compensable).

1  experience.  They performed a reasonable amount of labor at all stages in the litigation, and

2  used their billing judgment to further reduce the number of hours billed.

3          **C.**    **The Results Obtained Warrant the Fees Requested**

4          The Settling Plaintiffs' success in this action demonstrates the reasonableness of the

5  attorneys' fees requested.  The time to be compensated in an award must be "reasonable in

6  relation to the success achieved."  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  Here,

7  the Settling Plaintiffs achieved a high level of success.  Based on damages calculations

8  conducted through the Department of Labor investigation into Mega Furniture's

9  compensation practices, the Settling Plaintiffs recovered an amount for their back wages.

10  *See* Exhibit C.

11          Furthermore, fee awards in FLSA and other socially beneficial cases are not

12  measured in relation to the underlying amount of monetary relief obtained for the plaintiffs.

13  *Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988).  Given that "Congress intended

14  that statutory fee awards be adequate to attract competent counsel . . .," there is no

15  requirement that these fee awards must be proportionate to the damages recovered.  *City of*

16  *Riverside v. Rivera*, 477 U.S. 561, 580–81 (1986).  Because awarding fees "encourages

17  plaintiffs to bring actions even where the amount in question may be relatively small in

18  comparison to other civil actions in the federal courts," the proportionality of the fees to the

19  recovery on the merits is not significant.  *Fisher v. Stolaruk Corp.*, 648 F. Supp. 486, 487

20  (E.D. Mich. 1986).  In fact, as explained by the Sixth Circuit, courts are encouraged to

21  reward counsel who undertake such socially beneficial cases:

22          The purpose of the FLSA attorney fees provision is "to insure effective access to the
        judicial process by providing attorney fees for prevailing plaintiffs with wage and

23          hour grievances."  Courts should not place an undue emphasis on the amount of the
        plaintiff's recovery because an award of attorney fees here "encourage[s] the

24          vindication of congressionally identified policies and rights."  Indeed, we have
        "upheld substantial awards of attorneys' fees even though a plaintiff recovered only

25          nominal damages."

26  *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)(citations omitted); *see also Frank*

27  *v. Eastman Kodak Co.*, 228 F.R.D. 174, 189 (W.D. N.Y. 2005)("As already noted, were it

28

1  not for this class action, many of the plaintiffs' claims likely would not be heard. In

2  addition, if this Court denied an award of fees sufficient to compensate counsel for at least

3  a substantial portion of the work it has performed, no attorneys – these or others – would

4  likely be willing to take on future small-scale class actions such as this.").

5           Thus, the relevant inquiry remains the reasonableness of the fees, as discussed above,

6  not how they compare to the employee's recovery. Here, although the amount of the

7  attorneys' fees sought by the Settling Plaintiffs exceeds the amount of the Settling Plaintiffs'

8  recovery, they are well within the range of reasonableness given the amount of time spent

9  in this case before settlement was achieved.

10           **D.     The Settling Plaintiffs' Counsel Worked for a Contingent Fee Despite
                       the "Undesirability" of the Case.**

11

12           It is also significant that the Settling Plaintiffs' counsel took on an undesirable case

13  on a contingency fee basis. *See* Contingency Fee Agreement, attached as Exhibit 2 to

14  Frankel Aff. The amount involved in the dispute was relatively small, making it undesirable

15  for attorneys to take on the matter. Nevertheless, the Settling Plaintiffs' counsel undertook

16  the representation to enforce the Settling Plaintiffs' rights under the FLSA despite the

17  financial risk in doing so on a contingency fee basis. *Id.* Given the inherent financial risk

18  in taking any case on a contingency fee basis, the attorneys' fees resulting from the

19  representation are reasonable.

20  **V.    Conclusion**

21           The Settling Plaintiffs have established that they are eligible for, and entitled to,

22  attorneys' fees and costs under 29 U.S.C.A. § 216(b). The fees are reasonable under the

23  FLSA and the factors listed in L.R.Civ.P. 54.2(c)(3). Therefore, the Settling Plaintiffs'

24  counsel asks the Court to award its attorneys' fees in the amount of $35,682.67 and non-

25  taxable expenses in the amount of $1,040.75.

26

27

28

1   DATED: November 21, 2017.

2                                        BONNETT, FAIRBOURN, FRIEDMAN
                                         & BALINT, P.C.
3

4                                          /s Ty D. Frankel
                                         Ty D. Frankel
5                                        2325 E. Camelback Road, Suite 300
                                         Phoenix, Arizona 85016
6                                        Telephone: (602) 274-1100
                                         Facsimile: (602) 798-5860
7
                                         BONNETT, FAIRBOURN, FRIEDMAN
8                                        & BALINT, P.C.
                                         Patricia N. Syverson
9                                        600 W. Broadway, Suite 900
                                         San Diego, California 92101
10                                       Telephone: (619) 798-4593

11                                       Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Teresa DiNardo, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing.

/s/ Teresa DiNardo

# EXHIBIT A

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Louie Medina, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Gilbert Mega Furniture, LLC, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-04033-SPL<br><br>**SETTLING PLAINTIFFS' SEPARATE STATEMENT OF CONSULTATION PURSUANT TO L.R.CIV.P. 54(d)(2)** |

Settling Plaintiff's Counsel, Ty D. Frankel, certifies that he consulted with Counsel for Defendants, John Wilenchik, in a good faith effort to resolve the issue of the amount of reasonable attorneys' fees and costs to be awarded in this action on behalf of the Settling Plaintiffs. On November 20, 2017, counsel for the Settling Plaintiffs, Ty D. Frankel, contacted counsel for Defendant, John "Jack" Wilenchik, by telephone, leaving a voicemail

requesting to confer regarding attorneys' fees and costs and indicating that the Settling Plaintiffs would file a Motion for fees and costs if the issue could not be resolved.   In response to Plaintiffs' Counsel's voicemail, Defendants' counsel emailed Settling Plaintiffs' counsel that he did not believe the Settling Plaintiffs were entitled to attorneys' fees and costs.  As a result, Settling Plaintiffs responded they would proceed with a Motion for attorneys' fees and costs under the Local Rules and in accordance with Ninth Circuit law.

The Settling Plaintiffs thus made a good faith effort to consult regarding attorneys' fees and costs prior to submitting their Motion for fees and costs.

DATED:  November 21, 2017.

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.


  /s Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100
Facsimile: 602-798-5860

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101

Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I, Teresa DiNardo, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing.

/s/ Teresa DiNardo

- 2 -

# EXHIBIT B

**U.S. Department of Labor**
Wage and Hour Division



(Revised July 2008)

# Fact Sheet #20: Employees Paid Commissions By Retail Establishments Who Are Exempt Under Section 7(i) From Overtime Under The FLSA

This fact sheet provides general information concerning the application of the Section 7(i) <u>overtime</u> exemption from the <u>FLSA</u> to employees of retail and service establishments, who are paid on a commission basis in whole or part.

**Characteristics**

Retail and service establishments are defined as establishments 75% of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry.

**Requirements**

If a retail or service employer elects to use the Section 7(i) overtime exemption for commissioned employees, three conditions must be met:

1. the employee must be employed by a retail or service establishment, and
2. the employee's regular rate of pay must exceed one and one-half times the applicable <u>minimum wage</u> for every hour worked in a workweek in which overtime hours are worked, and
3. more than half the employee's total earnings in a representative period must consist of commissions.

Unless all three conditions are met, the Section 7(i) exemption is not applicable, and <u>overtime</u> premium pay must be paid for all hours worked over 40 in a workweek at time and one-half the regular rate of pay.

The representative period for determining if enough commissions have been paid may be as short as one month, but must not be greater than one year. The employer must select a representative period in order to determine if this condition has been met.

If the employee is paid entirely by commissions, or draws and commissions, or if commissions are always greater than salary or hourly amounts paid, the-greater-than-50%-commissions condition will have been met. If the employee is not paid in this manner, the employer must separately total the employee's commissions and other compensation paid during the representative period. The total commissions paid must exceed the total of other compensation paid for this condition to be met.

To determine if an employer has met the "more than one and one-half times the applicable <u>minimum wage</u>" condition, the employer may divide the employee's total earnings attributed to the pay period by the employee's total hours worked during such pay period. If the result is greater than time and one-half the <u>minimum wage</u>, this condition of the exemption has been met.

Hotels, motels and restaurants may levy mandatory service charges on customers which represent a percentage of amounts charged customers for services. If part or all of the service charges are paid to service employees, that payment may be considered commission and, if other conditions in section 7(i) are met, the service employees may be exempt from the payment of overtime premium pay.

FS 20

**Typical Problems**

Regulations require that employers maintain accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid. Without hours worked and earnings records, the employer will be unable to substantiate that all conditions for the exemption have been met. In addition, the employer must select a representative period of at least one month, but not more than one year, which typifies the characteristics of the employee's earning pattern, in order to test whether the employee is paid principally by commissions.

Tips paid to service employees by customers may never be considered commissions for the purposes of this exemption.

An employee is employed by the central office of a retail chain enterprise as a sales instructor working in the various retail establishments. Since this employee is employed by the central office and not "by" the retail "establishment", the exemption does not apply.

**Where to Obtain Additional Information**

**For additional information, visit our Wage-Hour website: http://www.wagehour.dol.gov and/or call our Wage-Hour toll-free information and helpline, available 8am to 5pm in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

| | |
|---|---|
| **U.S. Department of Labor** | **1-866-4-USWAGE** |
| Frances Perkins Building | TTY: 1-866-487-9243 |
| 200 Constitution Avenue, NW | **Contact Us** |
| Washington, DC 20210 | |

# EXHIBIT C



GILBERT MEGA FURNITURE LLC
3941 W MOHAVE ST STE 100
PHOENIX AZ 85009-6815

Bank of America
ACH R/T 122101706

4423

91-100/1221 AZ
3226

7/5/2017

$ **1,282.11

One Thousand Two Hundred Eighty-Two and 11/100***********************************************  DOLLARS

PAY TO THE
ORDER OF    MICHAEL INNES

MICHAEL INNES

Redacted

MEMO    Pay Period: 07/16/2017 - 07/16/2017

Redacted

AUTHORIZED SIGNATURE

---

GILBERT MEGA FURNITURE LLC

4423

| Employee | | | | | | | Allowances/Extra |
|---|---|---|---|---|---|---|---|
| MICHAEL INNES | | | | SSN Redacted | Status (Fed/State) Single/Single | | Fed-1/0/AZ-0/0 |
| | | | | | Pay Period: 07/16/2017 - 07/16/2017 | | Pay Date: 07/15/2017 |

Redacted

| Earnings and Hours | Qty. | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Back Wages | | 1,597.07 | 1,597.07 | 2,224.53 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Add'l Tax | 0.00 | |
| Federal Withholding | -180.00 | -216.00 |
| Social Security Employee | -99.02 | -137.92 |
| Medicare Employee | -23.16 | -32.26 |
| AZ - Withholding | -12.78 | -17.80 |
| | -314.96 | -403.98 |

| Net Pay | | |
|---|---|---|
| | 1,282.11 | 1,820.55 |

Gilbert Mega Furniture, LLC, 4095 S. Gilbert Rd #101, AZ 85296

Powered by Intuit Payroll

Details on Back    □ Security Features Included

**GILBERT MEGA FURNITURE LLC**
3941 W MOHAVE ST STE 100
PHOENIX AZ 85009-6615

4421

91-119/1221 AZ
2228

Bank of America
ACH R/T 12310/709

7/15/2017

PAY TO THE
ORDER OF   Larry Bensford

One Thousand Five Hundred Fifty-Nine and 89/100**********   $ ***1,559.89

DOLLARS

Larry Bensford
Redacted

MEMO   Pay Period: 07/02/2017 - 07/16/2017

K Kay Tom
AUTHORIZED SIGNATURE

Redacted

Security Features Included 🔒 Details on Back

---

4421

**GILBERT MEGA FURNITURE LLC**

| Employee - | | | | | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|
| Larry Bensford Redacted | | | SSN Redacted | | Single/Single | Fed-2/0/AZ-1/0 |
| | | | | | Pay Period: 07/02/2017 - 07/16/2017 | Pay Date: 07/15/2017 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Back Wages | | 1,953.50 | 1,953.50 | 1,953.50 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -209.00 | -209.00 |
| Social Security Employee | -121.12 | -121.12 |
| Medicare Employee | -28.33 | -28.33 |
| AZ - Withholding | -35.16 | -35.16 |
| | -393.61 | -393.61 |

| Net Pay | 1,559.89 | 1,559.89 |
|---|---|---|

Gilbert Mega Furniture, LLC, 4095 S. Gilbert Rd #101, AZ 85296

Powered by Intuit Payroll

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Louie Medina, on behalf of himself and all those similarly situated, | Case No. 2:16-cv-04033-SPL |
| Plaintiff, | **AFFIDAVIT OF TY D. FRANKEL IN SUPPORT OF PLAINTIFFS MICHAEL INNES AND LARRY BERISFORD'S MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS** |
| v. | |
| Gilbert Mega Furniture, LLC, *et al.*, | |
| Defendants. | **UNDER SEAL** |

STATE OF ARIZONA      )
                                       ) ss.
County of Maricopa      )

Ty D. Frankel, being first duly sworn upon his oath, deposes and says:

1.      I am an attorney duly admitted to practice in Arizona, and I am a shareholder at the firm of Bonnett, Fairbourn, Friedman & Balint, P.C.  I submit this Affidavit in support

of Plaintiff Michael Innes and Larry Berisford's ("Settling Plaintiffs") application for an award of attorneys' fees and costs incurred in connection with the above-referenced case.

2.      I have been practicing law in Arizona since October 2009.  I practice primarily wage and hour employment litigation, and my activities in this case are detailed in the Task-Based Itemized Statement of Attorneys' Fees, attached as Exhibit 1.

3.      Patricia N. Syverson is a shareholder at Bonnett, Fairbourn, Friedman & Balint, P.C., who was admitted to practice law in Arizona in 2000.  Ms. Syverson is admitted in both Arizona and California and her practice is focused on complex litigation, including class action litigation.  Her activities in this case are detailed in the Task-Based Itemized Statement of Attorneys' Fees, attached as Exhibit 1.

4.      Karen M. Vanderbilt is a paralegal at Bonnett, Fairbourn, Friedman & Balint, P.C. who has been working as a paralegal for 11 years and a legal secretary for 22 years.  Her activities in this case are detailed in the Task-Based Itemized Statement of Attorneys' Fees, attached as Exhibit 1.

5.      David J. Streyle is a paralegal at Bonnett, Fairbourn, Friedman & Balint, P.C. who has been working as a paralegal for 15 years.  His activities in this case are detailed in the Task-Based Itemized Statement of Attorneys' Fees, attached as Exhibit 1.

6.      The detailed summary of the services which have been rendered, the date on which the services were performed, the time involved in such services, and the identity of the person performing such services are outlined in the Task-Based Itemized Statement of Attorneys' Fees, attached as Exhibit 1.

7.      Exhibit 1 is not an exact replication of the bill.  Some entries have been altered to account for a relatively high amount of time expended on an activity and duplicative entries.  Settling Plaintiffs' counsel have altered those entries to ensure that fees are not requested with respect to them.  Exhibit 1 does contain an accurate and sufficiently descriptive statement of those fees Settling Plaintiffs are seeking to recover.

8.     Settling Plaintiffs' counsel has reduced or removed hours attorneys and paralegals spent, including, for example, researching, reviewing documents, and discussing case strategy, wherever that time seemed too lengthy.  Counsel for Settling Plaintiffs have removed a total of 35.4 hours totaling $7,330.00 to ensure the reasonableness of the fee and little overlap between timekeepers in the work they conducted.

9.     Additionally, counsel for Settling Plaintiffs exercised discretion to remove charges that do not relate to the Settling Plaintiffs' individual claims.  The fees and costs related only to Plaintiff Medina's claims have not been included in this fee application.  By removing charges related only to Plaintiff Medina's claims, billings have been reduced by over $3,400.

10.     Settling Plaintiffs' counsel took on this case on a contingent fee basis, which is reflected in the agreement attached as Exhibit 2.

11.     The billing rates charged by Bonnett, Fairbourn, Friedman & Balint, P.C. are specified in Exhibit 1 and range from $190 per hour to $600 per hour.  The billing rates were established by taking into account the experience and training of the billing professional.  A listing of the customary billing rates for Settling Plaintiffs' attorneys and paralegals is outlined below:

| Professional | Position | Years of Experience | Rate/Hour |
|---|---|---|---|
| Patricia N. Syverson | Shareholder | 17 | $600.00 |
| Ty D. Frankel | Shareholder | 8 | $350.00 |
| Karen M. Vanderbilt | Paralegal / Legal Secretary | 33 | $190.00 |
| David J. Streyle | Paralegal | 15 | $190.00 |

12.     The billing rates charged by Bonnett, Fairbourn, Friedman & Balint, P.C. for the time expended by attorneys in this litigation are generally in accordance with the rates charged by other lawyers in this community with similar experience and education.

- 3 -

13.    Exhibit 1 is prepared from the contemporaneous daily time records and expense records maintained by Bonnett, Fairbourn, Friedman & Balint, P.C. for each person who performed services on this case, of which I have personal knowledge.  As noted above, certain entries were deleted or modified to account for my billing judgment.  I have reviewed and approved these time entries, and I believe the time expended, work performed, and expenses incurred as described in Exhibit 1 were reasonable and necessary to the Settling Plaintiffs' case.

14.    The total amount of fees Settling Plaintiffs are entitled to under Exhibit 1 is $35,682.67, which is the total lodestar of $53,524.00 reduced by one-third.

15.    In addition to fees, Settling Plaintiffs incurred costs in the amount of $1,561.13.  This is itemized as well in Exhibit 1.  Only the costs related to the Settling Plaintiffs' claims are being sought.  All costs related only to Plaintiff Medina's claims have been removed.  The documentation supporting the costs requested is attached as Exhibit 3.

16.    The total amount of costs Settling Plaintiffs are entitled to under Exhibit 1 is $1,040.75, which is the total costs of $1,561.13 reduced by one-third.

17.    I have reviewed and approved these expenses.  I have deleted items which I do not believe are recoverable.  The charges that remain are reasonable and were necessarily incurred in this action.

Dated: November 21, 2017

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

  /s Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 798-4593

Attorneys for Plaintiff

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Teresa DiNardo, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing.

/s/ Teresa DiNardo

# EXHIBIT 1

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
ATTORNEYS AT LAW

2325 East Camelback Road, Suite 300
Phoenix, AZ 85016-3422
602-274-1100
FEDERAL TAX ID: 86-0510994

11/21/2017

**Re:  Louie Medina v. Gilbert Mega Furniture, LLC, et al.**

For Services Rendered from: Inception to November 20, 2017 (Excluding Louie Medina)

| Fee Recap | | | | |
|---|---|---|---|---|
| | | **Hours** | **Rate** | **Amount** |
| Patricia N. Syverson (PNS) | | 9.5 | $600.00 | $5,700.00 |
| Ty D. Frankel (TDF) | | 114.6 | $350.00 | $40,110.00 |
| Karen M. Vanderbilt (KMV) | | 12.6 | $190.00 | $2,394.00 |
| David J. Streyle (DJS) | | 28.0 | $190.00 | $5,320.00 |
| | **Totals** | **164.7** | | **$53,524.00** |

| Atty | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | | | | |
| TDF | 9/6/2016 | Telephone conference with Louie Medina regarding FLSA action against Mega Furniture | 0.5 | $350.00 | $175.00 |
| TDF | 9/6/2016 | Research regarding FLSA action against Mega Furniture | 1.5 | $350.00 | $525.00 |
| TDF | 9/7/2016 | Research regarding overtime collective action against Mega Furniture | 5.0 | $350.00 | $1,750.00 |
| TDF | 9/9/2016 | Telephone conference with Louie Medina regarding overtime claim against Mega Furniture | 0.2 | $350.00 | $70.00 |
| DJS | 9/12/2016 | Lengthy telephone conference with Medina regarding potential unpaid wage claim and employer details | 0.8 | $190.00 | $152.00 |
| DJS | 9/21/2016 | Confer with T. Frankel regarding following up with potential client Louie Medina; Telephone conference with Medina | 0.2 | $190.00 | $38.00 |
| TDF | 9/28/2016 | Analyze potential claims against Mega Furniture including telephone call from Louie Medina | 0.5 | $350.00 | $175.00 |
| DJS | 9/30/2016 | Confer with T. Frankel regarding potential client Louie Medina; Telephone conference with Medina; Prepare email to T. Frankel regarding same | 0.3 | $190.00 | $57.00 |
| DJS | 10/12/2016 | Exchange email with T. Frankel regarding in person meeting with potential client Louie Medina; Telephone conference with Medina to schedule same and documents and information to compile in preparation for same | 0.3 | $190.00 | $57.00 |
| DJS | 10/17/2016 | Telephone call from potential client Louie Medina regarding upcoming in person meeting; Prepare email to Medina regarding same | 0.2 | $190.00 | $38.00 |
| DJS | 10/18/2016 | Exchange email with potential client Louie Medina regarding scheduled in person meeting | 0.2 | $190.00 | $38.00 |
| TDF | 10/19/2016 | Prepare for meeting with potential client Louie Medina regarding Mega Furniture | 1.0 | $350.00 | $350.00 |
| TDF | 10/20/2016 | Meet with Louie Medina regarding potential unpaid wage case against Mega Furniture | 0.8 | $350.00 | $280.00 |
| TDF | 10/20/2016 | Research regarding Mega Furniture unpaid wage case | 1.0 | $350.00 | $350.00 |
| DJS | 10/21/2016 | Confer with T. Frankel regarding meeting with potential client Louie Medina and reviewing paystubs; Review and analyze paystubs; Confer with T. Frankel regarding same | 1.4 | $190.00 | $266.00 |
| TDF | 10/21/2016 | Review and analyze Mega Furniture documents to evaluate potential unpaid wage action; Prepare correspondence to Medina regarding same | 2.0 | $350.00 | $700.00 |
| DJS | 10/24/2016 | Confer with T. Frankel and revise and finalize Louie Medina retainer agreement | 0.4 | $190.00 | $76.00 |
| TDF | 10/24/2016 | Research and evaluate wage claim against Mega Furniture including telephone conference with L. Medina regarding same | 2.0 | $350.00 | $700.00 |
| TDF | 10/25/2016 | Telephone conference with L. Medina regarding no guarantee as to damages and legal services agreement | 0.2 | $350.00 | $70.00 |
| DJS | 10/26/2016 | Exchange email with T. Frankel and K. Vanderbilt regarding Louie Medina conflict check and contact information; Research regarding numerous Mega Furniture entities and individuals associated with same; Prepare email to T. Frankel regarding same; Circulate amended conflict check; Exchange email with T. Frankel and K. Vanderbilt regarding same | 1.6 | $190.00 | $304.00 |

| Atty | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | | | | |
| TDF | 10/26/2016 | Exchange email with L. Medina regarding unpaid wage claims against Mega Furniture | 0.2 | $350.00 | $70.00 |
| PNS | 10/27/2016 | Confer with Mr. Frankel regarding drafting conditional certification motion | 0.1 | $600.00 | $60.00 |
| TDF | 10/27/2016 | Telephone conference with opt-in plaintiff M. Innes regarding complaint | 0.3 | $350.00 | $105.00 |
| TDF | 10/27/2016 | Begin drafting complaint | 1.0 | $350.00 | $350.00 |
| TDF | 10/28/2016 | Research regarding complaint | 3.0 | $350.00 | $1,050.00 |
| PNS | 11/2/2016 | Confer with Mr. Frankel regarding retaining two plaintiffs to meet discovery hurdle | 0.1 | $600.00 | $60.00 |
| TDF | 11/2/2016 | Telephone conference with potential plaintiff Innes regarding documents and meeting | 0.3 | $350.00 | $105.00 |
| DJS | 11/3/2016 | Confer with T. Frankel regarding potential client Michael Innes (.1); Draft retainer agreement (.3) | 0.4 | $190.00 | $76.00 |
| DJS | 11/3/2016 | Confer with K. Vanderbilt regarding defendant information for service of complaint; Research and prepare email to K. Vanderbilt regarding same | 0.7 | $190.00 | $133.00 |
| TDF | 11/10/2016 | Telephone conference with L. Medina regarding draft complaint | 0.2 | $350.00 | $70.00 |
| DJS | 11/11/2016 | Telephone call to and leave detailed voicemail for Innes confirming meeting and documents | 0.1 | $190.00 | $19.00 |
| DJS | 11/11/2016 | Research and exchange email with T. Frankel regarding Mega Furniture defendants / principals | 0.4 | $190.00 | $76.00 |
| TDF | 11/11/2016 | Research facts and continue drafting complaint | 5.0 | $350.00 | $1,750.00 |
| DJS | 11/14/2016 | Review pay stubs and prepare email to T. Frankel regarding pay periods where Medina made less than 1.5x minimum wage or less than minimum wage | 0.6 | $190.00 | $114.00 |
| TDF | 11/14/2016 | Telephone conference with M. Innes regarding representation | 0.2 | $350.00 | $70.00 |
| TDF | 11/14/2016 | Meet with M. Innes regarding representation | 0.5 | $350.00 | $175.00 |
| TDF | 11/14/2016 | Research and draft complaint | 6.4 | $350.00 | $2,240.00 |
| DJS | 11/15/2016 | Review, fact check, revise and format draft complaint | 2.6 | $190.00 | $494.00 |
| TDF | 11/15/2016 | Prepare correspondence to M. Innes regarding representation, producing documents and case strategy | 0.2 | $350.00 | $70.00 |
| TDF | 11/15/2016 | Review and revise complaint | 4.0 | $350.00 | $1,400.00 |
| DJS | 11/16/2016 | Confer with T. Frankel regarding Medina paystubs; Complete fact checking, revision and formatting of draft complaint; Review and redact complaint exhibits | 2.1 | $190.00 | $399.00 |
| PNS | 11/17/2016 | Review email from Mr. Frankel regarding strategy for complaint (0.1); exchange email with Mr. Frankel regarding DOL investigation (0.1); review complaint and attachments and exchange email with Mr. Frankel regarding edits (0.9) | 1.1 | $600.00 | $660.00 |
| TDF | 11/17/2016 | Revise complaint and consent forms | 2.5 | $350.00 | $875.00 |
| DJS | 11/18/2016 | Review email from Medina with signed consent; Telephone call to Medina regarding same; Telephone call to and conference with Innes regarding draft complaint, consent, waiver of conflict letter and documents; Telephone conference with Medina regarding receipt of consent, complaint and waiver of conflict | 0.6 | $190.00 | $114.00 |
| PNS | 11/18/2016 | Exchange email and confer with Mr. Frankel regarding plaintiff retention | 0.2 | $600.00 | $120.00 |

| Atty | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
|  |  |  |  |  |  |
| TDF | 11/18/2016 | Telephone conference with L. Medina regarding complaint and consent to opt in and be party plaintiff form | 0.4 | $350.00 | $140.00 |
| TDF | 11/18/2016 | Telephone conference with M. Innes regarding complaint and consent form | 0.3 | $350.00 | $105.00 |
| TDF | 11/18/2016 | Draft correspondence to M. Innes regarding complaint, consents, and joint representation | 0.5 | $350.00 | $175.00 |
| TDF | 11/18/2016 | Review and revise complaint | 0.5 | $350.00 | $175.00 |
| KMV | 11/21/2016 | Prepare summons for defendants; review and edit complaint; prepare civil cover sheet; file documents with Court | 1.2 | $190.00 | $228.00 |
| PNS | 11/21/2016 | Confer with Mr. Frankel regarding filing complaint | 0.1 | $600.00 | $60.00 |
| TDF | 11/21/2016 | Finalize complaint and exhibits for filing | 5.0 | $350.00 | $1,750.00 |
| PNS | 11/22/2016 | Review preliminary order | 0.1 | $600.00 | $60.00 |
| DJS | 11/23/2016 | Exchange email with T. Frankel regarding status of receiving signed consent, signed waiver and client documents from Michael Innes;  Receive and review same and exchange email with T. Frankel, C. Alter and P. Aquilino regarding same and filing signed consent; Review Innes' paystubs and exchange email with T. Frankel regarding same | 1.1 | $190.00 | $209.00 |
| TDF | 11/23/2016 | Analyze Innes pay statements | 0.2 | $350.00 | $70.00 |
| KMV | 11/29/2016 | Research statutory agent information for service on defendants | 0.3 | $190.00 | $57.00 |
| DJS | 12/2/2016 | Exchange email with T. Frankel and J. Moran regarding serving complaint on Mega Furniture entities and statutory agent information for same | 0.4 | $190.00 | $76.00 |
| DJS | 12/2/2016 | Review case file and client documents and exchange email with T. Frankel regarding Innes dates of employment | 0.4 | $190.00 | $76.00 |
| PNS | 12/2/2016 | Review order regarding filing of consent form and discuss response with Mr. Frankel (0.3); review additional order withdrawing order regarding same and discuss with Mr. Frankel (0.1; 0.1) | 0.5 | $600.00 | $300.00 |
| TDF | 12/2/2016 | Review order striking Innes' consent form | 0.1 | $350.00 | $35.00 |
| TDF | 12/2/2016 | Review order un-striking Innes consent form | 0.1 | $350.00 | $35.00 |
| TDF | 12/2/2016 | Telephone conference with clerk regarding striking of Innes consent form | 0.2 | $350.00 | $70.00 |
| TDF | 12/2/2016 | Prepare email to M. Innes regarding consent to opt in and Department of Labor investigation | 0.3 | $350.00 | $105.00 |
| TDF | 12/2/2016 | Research regarding service of defendant entities | 0.7 | $350.00 | $245.00 |
| TDF | 12/2/2016 | Draft response and proposed order regarding striking of Innes consent form | 2.5 | $350.00 | $875.00 |
| TDF | 12/5/2016 | Telephone conference with M. Innes regarding service and election to district court judge versus magistrate | 0.2 | $350.00 | $70.00 |
| KMV | 12/6/2016 | Telephone call from process server regarding status of service on individual defendants; confer with Mr. Frankel regarding same; telephone conference with process server regarding same | 0.2 | $190.00 | $38.00 |

| Atty | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | | | | |
| KMV | 12/16/2016 | Review Certificates of Service for on Ahwatukee Mega Furniture, Gilbert Mega Furniture, Mega Furniture and Accessories, Mega Furniture Bell, Mega Furniture Scottsdale, Phoenix Mega Furniture, Mega Furniture Avondale; file each with Court; Prepare email to Mr. Frankel regarding status of service | 0.6 | $190.00 | $114.00 |
| TDF | 12/16/2016 | Correspond with J. Willencheck regarding answer deadline | 0.2 | $350.00 | $70.00 |
| TDF | 12/16/2016 | Telephone conference with J. Wilencheck regarding answer deadline | 0.2 | $350.00 | $70.00 |
| PNS | 12/19/2016 | Exchange email with Mr. Frankel regarding opposing counsel and service issues | 0.1 | $600.00 | $60.00 |
| TDF | 12/19/2016 | Review stipulation to response deadline and proposed order | 0.1 | $350.00 | $35.00 |
| TDF | 12/19/2016 | Correspond with opposing counsel regarding stipulation for response deadline and proposed order | 0.3 | $350.00 | $105.00 |
| TDF | 12/19/2016 | Research and analysis regarding service on defendants not yet served | 0.5 | $350.00 | $175.00 |
| KMV | 12/20/2016 | Telephone conference with process server regarding service on Yasmin Daredia and Saleem Kanjiyani; Confer with Mr. Frankel regarding service on Karim Kanjiyani; Confer with process server regarding additional attempt of service of Karim Kanijiyani | 0.2 | $190.00 | $38.00 |
| DJS | 12/23/2016 | Telephone conference with M. Innes regarding returning original documents via Fedex and status of litigation; Prepare correspondence to Innes enclosing original documents and copy of signed waiver, communications and privilege, and his contact information; Complete Fedexing of correspondence and documents | 0.5 | $190.00 | $95.00 |
| KMV | 12/30/2016 | Review Certificate of Non-Service on Yasmin Darcella and John Doe Darcella; file same with Court | 0.1 | $190.00 | $19.00 |
| KMV | 12/30/2016 | Review Certificates of Service for Yasmin Daredia and Saleem Kanjiyani; file same with Court | 0.2 | $190.00 | $38.00 |
| TDF | 12/30/2016 | Analysis regarding service of individual defendants | 0.2 | $350.00 | $70.00 |
| KMV | 1/3/2017 | Telephone conference with process server regarding service on Karim Kanijani in Texas | 0.2 | $190.00 | $38.00 |
| TDF | 1/3/2017 | Evaluate status of service and address service issues | 0.5 | $350.00 | $175.00 |
| TDF | 1/9/2017 | Review and analyze answer | 0.5 | $350.00 | $175.00 |
| KMV | 1/11/2017 | Telephone conferences with process server Pete Gonzales regarding service of out of state defendants | 0.2 | $190.00 | $38.00 |
| KMV | 1/12/2017 | Telephone conference with process server Pete Gonzales regarding service of Karim Kanjiyani in Texas | 0.1 | $190.00 | $19.00 |
| PNS | 1/24/2017 | Review order to show cause and confer with Mr. Frankel regarding same | 0.2 | $600.00 | $120.00 |
| TDF | 1/24/2017 | Evaluate issues regarding service of process in light of court's order to show cause | 0.5 | $350.00 | $175.00 |
| PNS | 1/25/2017 | Review and respond to email from Mr. Frankel regarding responding to OSC on service of certain defendants | 0.1 | $600.00 | $60.00 |
| TDF | 1/25/2017 | Correspond with J. Wilenchik regarding service issues | 0.2 | $350.00 | $70.00 |
| TDF | 1/25/2017 | Telephone conference with M. Innes regarding answer, service issues, and case status | 0.2 | $350.00 | $70.00 |
| TDF | 1/27/2017 | Draft notice regarding order to show cause | 0.5 | $350.00 | $175.00 |

| Atty | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | | | | |
| TDF | 2/16/2017 | Telephone conference with M. Innes regarding status and Department of Labor investigation | 0.2 | $350.00 | $70.00 |
| KMV | 2/17/2017 | Revise and finalize notice regarding order to show cause and file same with Court | 0.2 | $190.00 | $38.00 |
| PNS | 2/17/2017 | Review notice regarding order to show cause | 0.1 | $600.00 | $60.00 |
| TDF | 2/17/2017 | Finalize response regarding order to show cause | 0.1 | $350.00 | $35.00 |
| TDF | 2/22/2017 | Telephone conference with M. Innes regarding Department of Labor investigation | 0.2 | $350.00 | $70.00 |
| KMV | 2/28/2017 | Draft case management plan | 2.1 | $190.00 | $399.00 |
| KMV | 3/6/2017 | Finalize draft case management plan; draft proposed case management order; Prepare email to Mr. Frankel and Ms. Syverson attaching same | 0.9 | $190.00 | $171.00 |
| PNS | 3/7/2017 | Review docket regarding Rule 26 report | 0.1 | $600.00 | $60.00 |
| PNS | 3/8/2017 | Exchange email with Mr. Frankel regarding deadline for joint report | 0.1 | $600.00 | $60.00 |
| PNS | 3/9/2017 | Prepare email to defense counsel regarding coordinating a Rule 26 meeting (0.1; 0.1); review and revise draft report and confer with Mr. Frankel regarding same (0.5; 0.2) | 0.9 | $600.00 | $540.00 |
| PNS | 3/10/2017 | Prepare email to defense counsel regarding Rule 16 report and proposed order | 0.1 | $600.00 | $60.00 |
| PNS | 3/13/2017 | Review email from defense counsel regarding revisions to Rule 16 report, review revise report (0.3); telephone conference with Mr. Wilenchik regarding same, follow up with Mr. Frankel regarding meeting (0.1; 0.1) | 0.5 | $600.00 | $300.00 |
| KMV | 3/20/2017 | Communciate with Ms. Syverson regarding Case Management Plan; draft and finalize Notice of Errata; file same with Court | 0.6 | $190.00 | $114.00 |
| PNS | 3/20/2017 | Review email from Mr. Wilenchik regarding joint report (0.1); review docket regarding same (0.1); review joint report and revise file regarding same, discuss same briefly with Mr. Streyle (0.3); discuss same with Mr. Frankel and prepare email to defense counsel regarding errata (0.2); review and amend joint report, discuss same with defense counsel and Ms. Vanderbilt, review notice of errata for filing (0.4) | 1.1 | $600.00 | $660.00 |
| PNS | 3/22/2017 | Review order granting proposed schedule and vacating case management conference | 0.1 | $600.00 | $60.00 |
| DJS | 3/29/2017 | Begin drafting Initial Disclosure Statement | 1.4 | $190.00 | $266.00 |
| KMV | 3/31/2017 | Telephone call to M. Innes regarding information needed for disclosure statement; continue drafting initial disclosure statement | 0.8 | $190.00 | $152.00 |
| KMV | 4/3/2017 | Continue drafting on initial disclosure statement and compiling documents | 0.7 | $190.00 | $133.00 |
| KMV | 4/4/2017 | Telephone conferences with M. Innes regarding preparation of disclosure statement | 0.5 | $190.00 | $95.00 |
| TDF | 4/10/2017 | Finalize disclosure statement and documents to be produced | 2.5 | $350.00 | $875.00 |
| TDF | 4/11/2017 | Prepare email to M. Innes regarding initial disclosure statement | 0.1 | $350.00 | $35.00 |
| KMV | 4/12/2017 | Prepare correspondence to defendant and plaintiffs regarding initial disclosure statement; continue drafting initial disclosure statement and compiling documents | 1.8 | $190.00 | $342.00 |

| Atty | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | | | | |
| PNS | 4/12/2017 | Review email from Mr. Wilenchik regarding initial disclosures; prepare email to Mr. Frankel regarding same | 0.1 | $600.00 | $60.00 |
| KMV | 4/13/2017 | Revise and finalize initial disclosure statement | 0.4 | $190.00 | $76.00 |
| PNS | 5/12/2017 | Exchange email with Mr. Frankel regarding potential expansion of scope of the class | 0.1 | $600.00 | $60.00 |
| TDF | 5/12/2017 | Prepare consent to opt in form for L. Berisford | 0.2 | $350.00 | $70.00 |
| TDF | 5/12/2017 | Telephone call from and prepare correspondence to potential opt in plaintiff Berisford regarding unpaid wages | 0.4 | $350.00 | $140.00 |
| TDF | 5/12/2017 | Draft first request for production of documents and interrogatories | 2.0 | $350.00 | $700.00 |
| TDF | 5/15/2017 | Telephone conference with L. Berisford regarding opting into lawsuit | 0.2 | $350.00 | $70.00 |
| KMV | 5/16/2017 | Review, revise and finalize discovery requests to defendants; prepare notice of service and file same with the Court | 0.5 | $190.00 | $95.00 |
| TDF | 5/16/2017 | Draft discovery requests | 1.0 | $350.00 | $350.00 |
| KMV | 5/18/2017 | Review consent to opt-in from L. Berisford; redact personal information; file same with the Court | 0.2 | $190.00 | $38.00 |
| TDF | 6/15/2017 | Telephone conference with L. Felder regarding defendants' discovery responses | 0.2 | $350.00 | $70.00 |
| PNS | 6/23/2017 | Confer with Mr. Frankel regarding status of conditional certification | 0.1 | $600.00 | $60.00 |
| TDF | 6/27/2017 | Research regarding conditional certification of furniture salesman cases | 5.0 | $350.00 | $1,750.00 |
| TDF | 7/21/2017 | Correspond with M. Innes regarding case status | 0.2 | $350.00 | $70.00 |
| TDF | 7/27/2017 | Review documents produced and discovery responses in preparation for conditional certification motion | 3.0 | $350.00 | $1,050.00 |
| TDF | 7/28/2017 | Review discovery responses in preparation for conditional certification motion | 7.0 | $350.00 | $2,450.00 |
| KMV | 8/2/2017 | Review documents produced with Defendants disclosure statement and response to first request for production and create production log and summary of same | 0.6 | $190.00 | $114.00 |
| PNS | 8/2/2017 | Confer with Mr. Frankel regarding potential DOL investigation and approaching defense regarding same | 0.2 | $600.00 | $120.00 |
| TDF | 8/2/2017 | Telephone call to opposing counsel regarding discovery and department of labor investigation | 0.1 | $350.00 | $35.00 |
| TDF | 8/3/2017 | Correspond with Felder regarding discovery responses | 0.2 | $350.00 | $70.00 |
| PNS | 8/4/2017 | Confer with Mr. Frankel regarding settlement checks and potential DOL investigation | 0.1 | $600.00 | $60.00 |
| TDF | 8/4/2017 | Telephone conference with M. Innes regarding department of labor investigation and case status | 0.2 | $350.00 | $70.00 |
| TDF | 8/4/2017 | Telephone conference with L. Felder regarding discovery production | 0.5 | $350.00 | $175.00 |
| PNS | 8/22/2017 | Confer with Mr. Frankel  regarding status of case and contacting defense | 0.1 | $600.00 | $60.00 |
| PNS | 8/28/2017 | Exchange email with Mr. Frankel regarding status of case and contact with client | 0.1 | $600.00 | $60.00 |
| TDF | 8/29/2017 | Analysis regarding department of labor investigation and potential settlement | 0.2 | $350.00 | $70.00 |
| PNS | 8/31/2017 | Confer with Mr. Frankel regarding issues regarding potential DOL settlement; Review Mr. Frankel emails to plaintiffs and defense regarding same | 0.2 | $600.00 | $120.00 |

| Atty | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | | | | |
| TDF | 8/31/2017 | Correspond with L. Berisford regarding department of labor investigation and settlement and contact by defendants | 0.2 | $350.00 | $70.00 |
| TDF | 8/31/2017 | Communicate with M. Innes regarding settlement negotiation and department of labor settlement | 0.3 | $350.00 | $105.00 |
| TDF | 8/31/2017 | Correspond with J. Wilenchik regarding department of labor settlement and company contact with plaintiffs | 0.5 | $350.00 | $175.00 |
| PNS | 9/1/2017 | Confer with Mr. Frankel regarding settlement checks and strategy | 0.2 | $600.00 | $120.00 |
| TDF | 9/1/2017 | Correspond with J. Wilenchik regarding department of labor settlement | 0.2 | $350.00 | $70.00 |
| TDF | 9/7/2017 | Evaluate status of department of labor investigation | 0.2 | $350.00 | $70.00 |
| TDF | 9/11/2017 | Telephone conference with L. Berisford regarding back wages | 0.3 | $350.00 | $105.00 |
| TDF | 9/11/2017 | Telephone conference with M. Innes regarding back wages | 0.3 | $350.00 | $105.00 |
| TDF | 9/11/2017 | Review documents disclosed by defendants | 1.0 | $350.00 | $350.00 |
| TDF | 9/14/2017 | Correspond with defense counsel regarding settlement checks | 0.2 | $350.00 | $70.00 |
| TDF | 9/19/2017 | Telephone conference with L. Berisford regarding status and contact information | 0.2 | $350.00 | $70.00 |
| TDF | 9/22/2017 | Telephone conference with M. Innes regarding potential for settlement | 0.2 | $350.00 | $70.00 |
| PNS | 9/25/2017 | Review response from defense and follow up with Mr. Frankel regarding discovery dispute | 0.2 | $600.00 | $120.00 |
| TDF | 9/25/2017 | Correspond with defense counsel regarding discovery and department of labor investigation | 0.3 | $350.00 | $105.00 |
| TDF | 9/28/2017 | Correspond with M. Innes regarding documents | 0.2 | $350.00 | $70.00 |
| PNS | 10/6/2017 | Prepare email to defense counsel regarding status of producing checks and other materials | 0.1 | $600.00 | $60.00 |
| PNS | 10/10/2017 | Review checks produced from defense and confer with Mr. Frankel regarding same | 0.2 | $600.00 | $120.00 |
| TDF | 10/10/2017 | Communicate with defense counsel regarding department of labor investigation | 0.3 | $350.00 | $105.00 |
| TDF | 10/10/2017 | Review documents regarding department of labor investigation | 0.3 | $350.00 | $105.00 |
| TDF | 10/15/2017 | Correspond with M. Innes regarding Department of Labor negotiations | 0.2 | $350.00 | $70.00 |
| PNS | 10/16/2017 | Confer with Mr. Frankel regarding DOL settlements and discussion with defense regarding same | 0.2 | $600.00 | $120.00 |
| TDF | 10/16/2017 | Prepare email to plaintiffs regarding department of labor settlement proposal | 0.2 | $350.00 | $70.00 |
| TDF | 10/16/2017 | Telephone conference with J. Wilechik regarding department of labor settlement proposal | 0.3 | $350.00 | $105.00 |
| TDF | 10/16/2017 | Evaluate department of labor settlement proposal | 1.0 | $350.00 | $350.00 |
| PNS | 10/17/2017 | Confer with Mr. Frankel regarding response from defense and whether to submit a demand | 0.1 | $600.00 | $60.00 |
| TDF | 10/17/2017 | Research regarding requirements of department of labor settlement | 0.5 | $350.00 | $175.00 |
| DJS | 10/23/2017 | Confer with T. Frankel regarding DOL determinations and settlement checks | 0.1 | $190.00 | $19.00 |

| Atty | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | | | | |
| DJS | 10/23/2017 | Review and analyze DOL determination and settlement check for M. Innes as well as claim information and client documents; Prepare spreadsheet regarding same; Prepare email to T. Frankel regarding same | 0.4 | $190.00 | $76.00 |
| DJS | 10/23/2017 | Review and analyze DOL determination and settlement check for L. Berisford as well as claim information and client documents; Prepare spreadsheet regarding same; Prepare email to T. Frankel regarding same | 0.5 | $190.00 | $95.00 |
| DJS | 10/24/2017 | Confer with T. Frankel regarding damages calculations and settlement offer estimates (.1); Review documents produced and begin preparing damages estimates (1.0) | 1.1 | $190.00 | $209.00 |
| TDF | 10/24/2017 | Prepare correspondence to L. Berisford regarding settlement negotiation | 0.2 | $350.00 | $70.00 |
| TDF | 10/24/2017 | Analysis regarding damages for potential settlement demand | 0.5 | $350.00 | $175.00 |
| DJS | 10/25/2017 | Review documents produced and client documents and prepare damages estimates | 2.4 | $190.00 | $456.00 |
| PNS | 10/26/2017 | Review spreadsheet and confer with Mr. Frankel regarding settlement strategy | 0.2 | $600.00 | $120.00 |
| TDF | 10/26/2017 | Telephone call to L. Berisford regarding settlement negotiation | 0.1 | $350.00 | $35.00 |
| TDF | 10/26/2017 | Telephone conference with M. Innes regarding settlement negotiation | 0.3 | $350.00 | $105.00 |
| TDF | 10/26/2017 | Analysis regarding damages for settlement negotiation | 1.0 | $350.00 | $350.00 |
| TDF | 10/30/2017 | Prepare email to M. Innes regarding settlement negotiation | 0.2 | $350.00 | $70.00 |
| TDF | 10/30/2017 | Telephone conference with L. Berisford regarding settlement | 0.3 | $350.00 | $105.00 |
| TDF | 10/30/2017 | Analysis regarding settlement negotiation and damages | 0.5 | $350.00 | $175.00 |
| TDF | 10/31/2017 | Telephone call to J. Wilenchik regarding settlement negotiation | 0.1 | $350.00 | $35.00 |
| PNS | 11/1/2017 | Review email from and confer with Mr. Frankel regarding settlement offer | 0.1 | $600.00 | $60.00 |
| TDF | 11/1/2017 | Telephone conference with L. Felder regarding settlement counteroffer | 0.2 | $350.00 | $70.00 |
| TDF | 11/1/2017 | Prepare correspondence to L. Felder and J. Wilenchik regarding settlement counteroffer | 0.2 | $350.00 | $70.00 |
| PNS | 11/6/2017 | Review notice regarding offers of judgment and confer with Mr. Frankel regarding same | 0.1 | $600.00 | $60.00 |
| TDF | 11/6/2017 | Review notice regarding offers of judgment | 0.2 | $350.00 | $70.00 |
| PNS | 11/9/2017 | Review offers of judgment and telephone conference with Mr. Frankel regarding fee issue (0.1; 0.1); further confer with Mr. Frankel regarding strategy (0.2); review Nusom case and research additional Rule 68 cases regarding fees; prepare email to Mr. Frankel regarding same (0.4) | 0.8 | $600.00 | $480.00 |
| TDF | 11/9/2017 | Research regarding attorneys' fees and offers of judgment | 3.0 | $350.00 | $1,050.00 |
| TDF | 11/9/2017 | Analysis regarding damages and offers of judgment | 0.5 | $350.00 | $175.00 |
| PNS | 11/10/2017 | Confer with Mr. Frankel  regarding offers of judgment and strategy for fee motion | 0.1 | $600.00 | $60.00 |
| TDF | 11/10/2017 | Telephone conferences and email communications with L. Berisford regarding offer of judgment | 1.1 | $350.00 | $385.00 |
| TDF | 11/10/2017 | Telephone conferences and email communications with M. Innes regarding offer of judgment | 1.2 | $350.00 | $420.00 |

| Atty | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | | | | |
| DJS | 11/13/2017 | Confer with T. Frankel regarding two plaintiffs accepting offer of judgment and motion for fees and costs; Begin review of fees and costs for same | 1.2 | $190.00 | $228.00 |
| PNS | 11/13/2017 | Confer with Mr. Frankel regarding strategy for offers of judgment and attorneys' fees | 0.2 | $600.00 | $120.00 |
| TDF | 11/14/2017 | Begin drafting fee application for Berisford and Innes | 4.0 | $350.00 | $1,400.00 |
| TDF | 11/15/2017 | Research and draft motion for fees | 2.0 | $350.00 | $700.00 |
| TDF | 11/16/2017 | Research regarding acceptance of offer of judgment | 0.5 | $350.00 | $175.00 |
| DJS | 11/17/2017 | Exchange email and confer with T. Frankel regarding fee and cost motion and supporting documents; Research and draft affidavit in support of motion | 2.6 | $190.00 | $494.00 |
| PNS | 11/17/2017 | Confer with Mr. Frankel regarding offers of judgment, fee motion and related strategy (0.2; 0.2) | 0.4 | $600.00 | $240.00 |
| TDF | 11/17/2017 | Research regarding service of acceptance of offer of judgment and prepare same | 1.0 | $350.00 | $350.00 |
| TDF | 11/17/2017 | Research and draft motion for fees | 6.5 | $350.00 | $2,275.00 |
| DJS | 11/19/2017 | Research and draft motion for fees and costs supporting affidavit; Compile / prepare exhibits to same | 3.0 | $190.00 | $570.00 |
| TDF | 11/20/2017 | Draft notice of acceptance of offers of judgment | 0.5 | $350.00 | $175.00 |
| TDF | 11/20/2017 | Telephone call to J. Wilenchik to confer regarding attorneys' fees and costs | 0.2 | $350.00 | $70.00 |
| TDF | 11/20/2017 | Review and analyze J. Wilenchick correspondence regarding application for attorneys' fees and costs | 0.5 | $350.00 | $175.00 |
| TDF | 11/20/2017 | Research, draft, and cite check motion for attorneys' fees and costs; Prepare exhibits to same | 5.0 | $350.00 | $1,750.00 |
| TDF | 11/20/2017 | Research and draft motion to file application for attorneys' fees under seal | 1.0 | $350.00 | $350.00 |
| | | | **164.7** | | **$53,524.00** |

# BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
## ATTORNEYS AT LAW

2325 East Camelback Road, Suite 300
Phoenix, AZ 85016-3422
602-274-1100
FEDERAL TAX ID: 86-0510994

11/21/2017

**Re:  Louie Medina v. Gilbert Mega Furniture, LLC, et al.**

For Services Rendered from: Inception to November 20, 2017 (Excluding Louie Medina)

**Disbursements**

| Description | Amount |
|---|---|
| Filing Fee | $400.00 |
| Service of Process | $933.80 |
| Federal Express | $55.93 |
| Photocopies (@ $0.20 per page) | $17.20 |
| Printing (@ $0.20 per page) | $154.20 |
| | **$1,561.13** |

| Date | Description | Amount |
|------|-------------|--------|
| | | |
| 11/18/16 | PHOTOCOPIES (@ $0.20 per page) | $0.60 |
| 11/18/16 | PHOTOCOPIES (@ $0.20 per page) | $1.00 |
| 11/18/16 | PHOTOCOPIES (@ $0.20 per page) | $1.00 |
| 11/18/16 | PRINTING (@ $0.20 per page) | $7.60 |
| 11/21/16 | PRINTING (@ $0.20 per page) | $3.80 |
| 11/23/16 | PHOTOCOPIES (@ $0.20 per page) | $0.80 |
| 12/02/16 | FEDERAL EXPRESS; 11/18/2016 Michael Innes | $29.79 |
| 12/02/16 | PHOTOCOPIES (@ $0.20 per page) | $0.20 |
| 12/02/16 | PRINTING (@ $0.20 per page) | $6.00 |
| 12/02/16 | PRINTING (@ $0.20 per page) | $6.00 |
| 12/02/16 | PRINTING (@ $0.20 per page) | $6.00 |
| 12/02/16 | PRINTING (@ $0.20 per page) | $57.00 |
| 12/02/16 | PRINTING (@ $0.20 per page) | $27.00 |
| 12/02/16 | PRINTING (@ $0.20 per page) | $12.00 |
| 12/02/16 | PRINTING (@ $0.20 per page) | $6.00 |
| 12/09/16 | FEDERAL EXPRESS; 11/22/2016 Michael Innes to BFFB | $12.59 |
| 12/16/16 | SERVICE OF PROCESS; 12/02/2016 Gilbert Mega Furniture, LLC; DL Investigations & Attorney Support, LLC | $76.00 |
| 12/16/16 | SERVICE OF PROCESS; 12/02/2016 Ahwatukee Mega Furniture, LLC; DL Investigations & Attorney Support, LLC | $26.00 |
| 12/16/16 | SERVICE OF PROCESS; 12/02/2016 Mega Furniture & Accessories, LLC; DL Investigations & Attorney Support, LLC | $26.00 |
| 12/16/16 | SERVICE OF PROCESS; 12/02/2016 Mega Furniture Avondale, LLC; DL Investigations & Attorney Support, LLC | $26.00 |
| 12/16/16 | SERVICE OF PROCESS; 12/02/2016 Mega Furniture Bell, LLC; DL Investigations & Attorney Support, LLC | $50.00 |
| 12/16/16 | SERVICE OF PROCESS; 12/02/2016 Mega Furniture Scottsdale, LLC; DL Investigations & Attorney Support, LLC | $26.00 |
| 12/16/16 | SERVICE OF PROCESS; 12/02/2016 Phoenix Mega Furniture, LLC; DL Investigations & Attorney Support, LLC | $26.00 |
| 12/19/16 | FILING FEE; TDF 11/21/2016 USDC-AZ; Western Alliance Bank | $400.00 |
| 12/23/16 | PHOTOCOPIES (@ $0.20 per page) | $0.40 |
| 01/03/17 | FEDERAL EXPRESS; 12/23/2016 Michael Innes | $13.55 |
| 01/06/17 | SERVICE OF PROCESS; 12/02/2016 Saleem Kanjiyani; DL Investigations & Attorney Support, LLC | $101.00 |
| 01/06/17 | SERVICE OF PROCESS; 12/02/2016 Yasmin Darcella; DL Investigations & Attorney Support, LLC | $85.00 |
| 01/06/17 | SERVICE OF PROCESS; 12/02/2016 Yasmin Daredia; DL Investigations & Attorney Support, LLC | $237.80 |
| 01/20/17 | SERVICE OF PROCESS; 12/02/2016 Karim Kanjiyani; DL Investigations & Attorney Support, LLC | $85.00 |
| 02/03/17 | SERVICE OF PROCESS; 01/05/2017 Karim Kanjiyani & Karima Din; DL Investigations & Attorney Support, LLC | $169.00 |
| 03/29/17 | PRINTING (@ $0.20 per page) | $2.60 |
| 03/29/17 | PRINTING (@ $0.20 per page) | $2.60 |
| 04/10/17 | PRINTING (@ $0.20 per page) | $5.60 |
| 04/12/17 | PRINTING (@ $0.20 per page) | $1.60 |
| 05/15/17 | PRINTING (@ $0.20 per page) | $3.00 |
| 05/15/17 | PRINTING (@ $0.20 per page) | $1.40 |
| 05/16/17 | PHOTOCOPIES (@ $0.20 per page) | $13.20 |
| 05/16/17 | PRINTING (@ $0.20 per page) | $3.00 |
| 05/16/17 | PRINTING (@ $0.20 per page) | $3.00 |
| | **Total Disbursements:** | **$1,561.13** |

# EXHIBIT 2

  


## BONNETT FAIRBOURN
## FRIEDMAN & BALINT PC

WILLIAM G. FAIRBOURN
VAN BUNCH
ELAINE A. RYAN
GUY A. HANSON
MANFRED P. MUECKE[1]
T. BRENT JORDAN[3]
KEVIN R. HANGER
LAURA A. VAN BUREN

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
ANDREW Q. EVERROAD
KIMBERLY C. PAGE
WILLIAM F. KING
ANDREW M. EVANS
ERIC D. ZARD
CARRIE A. LALIBERTE

FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
PATRICIA N. SYVERSON
CHRISTINA L. BANNON
TONNA K. FARRAR[2]
TY D. FRANKEL
KENDALL K. WILSON

JERRY C. BONNETT, Of Counsel
MICHAEL N. WIDENER, Of Counsel

[1]Admitted Only in California
[2]Admitted Only in California, Kansas, Missouri
   and Oregon (located in Oregon)
[3]Admitted Only in Pennsylvania

October 24, 2016

**Via E-mail Only**

Louie Medina



### Re:  *Legal Services Agreement*

Dear Mr. Medina:

We are writing to confirm the terms under which Bonnett, Fairbourn, Friedman & Balint, P.C. (the "Firm") has agreed to provide representation in connection with your unpaid wage claim and Fair Labor Standards Act ("FLSA") retaliation claim against Mega Furniture. The scope of this representation, unless subsequently expanded in writing, shall be limited to this unpaid wage claim and FLSA retaliation claim only.

We appreciate your decision to retain the Firm in this matter. So we all clearly understand the basis upon which we have agreed to represent you, we have prepared this letter. Unless otherwise agreed in writing, the below-stated terms and conditions shall apply to any services we provide including those rendered in connection with any litigation, appeal, special action, retrial, remand proceeding or other related matter.

1. **Client Represented.** Our client, for the purpose of this representation, is Louie Medina (the "Client"), who is responsible for payment of our fees and performance of Client's obligations hereunder.

2. **Scope of Representation.** We have agreed that our engagement is limited to performance of services related only to (1) the claim for unpaid wages against Mega Furniture, which will be brought as a collective and/or class action lawsuit with Client as the representative of the class seeking recovery for unpaid wages on behalf of Client and all those similarly situated; and (2) an FLSA retaliation claim against Mega Furniture brought on behalf of Client individually. We are not representing Client in regard to any other matter.

The Client is not relying on us for, and we are not providing, any tax, business, investment, insurance, or accounting advice. Client understands that employment laws and regulations are in constant flux. As such, counsel provided to Client is based on the best information available at the time. Client also understands that we cannot guarantee a specific outcome in the matter.

Louie Medina
October 24, 2016
Page 2

     3.    **Staffing.**  I will have primary responsibility for the matter.  I expect to perform the bulk of the work, but I may also utilize other attorneys, paralegals and litigation/clerical assistants where appropriate.  Our Firm's current hourly rates for legal personnel range from $190.00 per hour for paralegal time to $725.00 per hour for a senior attorney, but such rates are subject to periodic adjustment.  My current hourly rate for this matter is $350.00.  I will make all staffing decisions, with the objective of rendering services on an efficient and cost-effective basis.  Our representation is effective as of the date we first begin providing services to you as a result of the requested representation.  We will undertake your representation and work with you to achieve the desired objectives using our professional judgment and skill.  You understand, however, that we cannot and have not made any guarantee regarding the outcome of the matter.  No guarantees have been made as to what amounts, if any, Client may be entitled to recover in this case.

     4.    **Fees.**  In retaining this Firm, it is Client's understanding that the fee will be contingent, that is to say, if no recovery is made, no fee will be charged by the Firm for such representation.  If there is a recovery, however, the fee will be calculated as follows:

        a.    If client recovers monies in this case, the Firm shall be entitled to the greater of 33-1/3% of the amount ultimately recovered or the actual amount of fees incurred (based on the attorney's customary hourly rate(s) and hours expended);

        b.    If attorneys' fees are awarded by any court or agency, the Firm shall be entitled to the amount awarded;

        c.    In the event it becomes necessary to recover a judgment from a bankruptcy estate, or if post-judgment the entire judgment amount cannot be collected for any reason, Client and the Firm agree to allocate the amount actually received on a *pro rata* basis, *i.e.*, Client and the Firm shall each receive the proportion of the actual amount collected that they would have received had the entire judgment been collected.

     5.    **Costs and Expenses.**  In addition to our fees for services, Client will be responsible for all out-of-pocket disbursements that we incur on Client's behalf.  Typical of such costs are filing and/or recording fees and other charges fixed by law or assessed by public agencies, travel expenses, long-distance telephone calls, outgoing faxes, overnight delivery services, postage, courier services and delivery charges, photocopying, clerical staff overtime, and online database retrieval charges.  Counsel will advance all expenses needed to litigate the Action, including any necessary travel expenses incurred by you.  In the event we are not successful in obtaining a recovery, the responsibility for these expenses is ours alone—you have no responsibility for them.  If we are successful in obtaining a recovery, you will be responsible for these costs in addition to fees for which you are responsible.

     6.    **IOLTA Trust Account.**  Except under certain circumstances allowing the establishment of a separate trust account, funds held in trust by the Firm are maintained in an

Louie Medina
October 24, 2016
Page 3

IOLTA account with Alliance Bank, and do not earn interest for the benefit of Client. As of January 1, 2013, IOLTA accounts are insured by the FDIC only up to $250,000.00. Client funds held by the Firm in an IOLTA account as a fiduciary for the Client are separately insured by the FDIC up to $250,000.00, but should Client have other deposits at Alliance Bank, all such funds will apply against the $250,000.00 limit of coverage.

7.    **Settlement/Recovery.**  The Firm will not enter into a settlement without Client's consent. If monies are recovered for back-pay, front-pay and/or unpaid wages, Client expressly acknowledges and understands that this amount is subject to withholding of federal and state income taxes and any applicable FICA and/or FUTA taxes.

8.    **Client's Responsibilities.**  Recognizing that we cannot effectively represent Client without Client's cooperation and assistance, Client agrees to cooperate fully with the Firm and to provide promptly all information known or available to Client relevant to the Firm's representation, including providing information and documents requested in a timely fashion, assisting in discovery, disclosure and trial preparation, cooperating in scheduling and related matters, responding to telephone calls and correspondence in a timely manner, and informing us of changes in Client's addresses and telephone numbers.

9.    **Class and/or Collective Action.**  Client agrees that the Firm may serve as Client's legal counsel in regards to the filing of a class and/or collective action lawsuit asserting the claim for unpaid wages. Client also agrees that Client may be named as the representative for the class and/or collective action asserting the claim for unpaid wages against Mega Furniture and that Client will make claims on behalf of Client and on behalf of others who may be similarly situated (the "Class").

In a class and/or collective action, the representative sues the defendant asserting the representatives' own claims, as well as those of all other persons or entities who suffered the same general type of damages or injury as a result of defendants' conduct. The Court must determine whether the case will process as a class and/or collective action.

The Firm represents not only Client and any other representatives, but also all the members of the Class once certified by the Court. As counsel to the Class, the Firm has a duty to protect the interest of all members of the Class and to act in the collective best interests of the Class.

Client agrees to cooperate fully with reasonable requests made by the Firm. As representative of the Class, it is Client's duty to conduct the case in the best interests of all members of the Class. Client's duties as Class / Collective Action representative are outlined in Exhibit A to this Agreement. Client agrees to adhere to the duties of a representative outlined in this Agreement and Exhibit A. Client agrees to cooperate fully with the Firm in the pursuit of the claims, including discovery and other pretrial proceedings, trial and appeals, if any.

As a class representative, Client will likely be required to produce all documents relevant to the claims to be asserted, including electronic documents and communications such as:

Louie Medina
October 24, 2016
Page 4

- Home or other e-mail accounts, through any and all different e-mail addresses;
- Devices used for sending or receiving text messages;
- Home computers or other machines capable of sending or receiving e-mails or storing data (e.g., PDAs or cellphones);
- Blogs or other online discussion forums;
- Google+, MySpace, Facebook, Twitter, Meetup.com, Orkut, Flickr, Gather.com, Tumblr, Windows Live Spaces, MSN Spaces or similar accounts;
- LinkedIn, Monster.com, CareerBuilder.com or similar accounts;
- Google Documents, iCloud, Zoho or similar Internet or "cloud"-based services that store documents and data; and
- iCloud, Backblaze, Crashplan, Mozy or similar Internet or "cloud"-based backups of data or devices.

Because a failure to maintain such electronic records could be very detrimental and even fatal to Client's claims and thus to the Class claims, Client agrees to preserve all documents related to the claims, including all such communications, and to inform the Firm first before deleting them, selling or disposing of Client's computer equipment, or closing the accounts. In such events, the Firm will take such steps as necessary to ensure the electronic documents are properly preserved for litigation purposes.

10.   **Document Retention.**  During the course of representation of Client, Client may have occasion to provide us with documents and other materials from Client's files. At the end of the engagement, we will return the documents and materials to Client at Client's then known address if Client so requests. Any such documents that are not returned, either because Client has directed us otherwise or because we have been unable to return them, may be destroyed at such time as the file itself is destroyed in accordance with our document retention policy. Currently, the policy is to destroy files after they have been closed for five (5) years.

We may also scan documents Client provides to us in connection with this representation to create digital images for storage and/or access. Paper copies of the images can be created if such copies are required, but unless Client advises us to the contrary when documents are provided to us, we reserve the right to destroy the Client's original paper documents and retain only digital images thereof. We will deem Client's acknowledgment of our engagement as an assent to the handling of Client's documents in this manner.

11.   **Termination of Engagement and Post-Engagement Matters.**  Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect Client's interests in this matter and, if Client so requests, we will suggest to Client a possible successor counsel and provide successor counsel of your choice with whatever documents you have provided. Unless previously terminated, our representation of Client will terminate upon the conclusion of this employment matter. Client is engaging the Firm to provide legal services in connection with a specific matter. After completion of the matter, changes may occur in laws or regulations that are

Louie Medina
October 24, 2016
Page 5

applicable to Client that could have an impact upon Client's future rights and liabilities. Unless Client continues to engage us to provide additional advice, this Firm will assume that it has no continuing obligation to advise client with respect to future legal developments.

      12.    **Arbitration.**  If a dispute arises between the Firm and Client regarding the services provided under this engagement, the parties agree to resolve that dispute through mediation followed by arbitration through the Arizona State Bar Fee Arbitration Program administered by the Fee Arbitration Committee, if applicable, or through the American Arbitration Association in Phoenix, Arizona.

      13.    **No Advice Regarding This Fee Agreement.**  The Firm is not acting as Client's counsel in advising Client with respect to this letter, as we would have a conflict of interest in doing so. If Client wishes to be advised by independent counsel on the question of whether Client should be so represented, we recommend that Client consult with independent counsel of Client's choice. In addition, if Client has any questions or would like additional information, we would be happy to discuss this matter with Client.

      If the foregoing correctly states our mutual agreement regarding the Firm's representation of Client, please sign below where noted in the space provided and return to me at your earliest convenience.

Very truly yours,

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C. ("Firm")

_____

Ty D. Frankel
For the Firm

THE TERMS OF THE ENGAGEMENT
OF THE FIRM AS STATED ABOVE ARE
ACCEPTED AND APPROVED:

By: _____
    Louie Medina

**EXHIBIT A**

**DUTIES OF A CLASS / COLLECTIVE ACTION REPRESENTATIVE**

The following duties apply to a representative in a class or collective action:

1.      A representative represents the interests of all members of his/her class in litigation.

2.      A member has claims that are typical of those of the class, and thus involve common issues of law or of fact.  As a representative, your claims against the defendants are typical of the class' claims against them.

3.      A representative always considers the interests of the class just as he/she would consider his/her own interests.

4.      A representative participates actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories, producing documents, and by keeping generally aware of the status and progress of the lawsuit.

5.      A representative recognizes and accepts that any resolution of a class action lawsuit, such as by settlement or dismissal, is subject to court approval, and must be designed in the best interests of the class as a whole.

6.      A representative is not required to be particularly sophisticated or knowledgeable with respect to the legal framework of the lawsuit.  However, he/she should be interested, on a continuous basis, in the progress of the lawsuit, and must make every effort to provide his/her lawyers and the court with all relevant facts of which he/she is aware.

7.      A representative volunteers to represent many other people with similar claims and damages, because he/she believes that it is important that all benefit from the lawsuit equally, because he/she believes that a class lawsuit will save time, money, and effort, and thus will benefit all parties, and the court, and because he/she believes that the class action is an important tool to assure compliance with the law.

# EXHIBIT 3

# Photocopies



**Generated: 11/20/2017**
**Starting: 9/6/2017**
**Ending: 11/20/2017**

**Client:  16612: Medina, Louie**
 **Matter:  0001: Gilbert Mega Furniture, LLC, et al.**

| Date | Description | Count | Amount |
|------|-------------|-------|--------|
| 11/18/2016 | | 3 | $0.60 |
| 11/18/2016 | | 5 | $1.00 |
| 11/18/2016 | | 5 | $1.00 |
| 11/23/2016 | | 4 | $0.80 |
| 12/2/2016 | | 1 | $0.20 |
| 12/23/2016 | | 2 | $0.40 |
| 5/16/2017 | | 66 | $13.20 |
| | **Report Totals:** | **86** | **$17.20** |

Copyright© 2017, Equitrac Corporation



# Printing



**Generated: 11/20/2017**
**Starting: 9/6/2017**
**Ending: 11/20/2017**

**Client:  16612: Medina, Louie**
**Matter:  0001: Gilbert Mega Furniture, LLC, et al.**

| Date | Description | Count | Amount |
|------|-------------|-------|--------|
| 11/18/2016 | Microsoft Word - Complaint 11-17-16 (1) | 38 | $7.60 |
| 11/21/2016 | Microsoft Word - Complaint 11-18-16 | 19 | $3.80 |
| 12/2/2016 | 0BB869A0CF.pdf | 30 | $6.00 |
| 12/2/2016 | 2BBF1B3221.pdf | 30 | $6.00 |
| 12/2/2016 | 9E7D998E84.pdf | 30 | $6.00 |
| 12/2/2016 | 315277E0CB.pdf | 285 | $57.00 |
| 12/2/2016 | 22483C9889.pdf | 135 | $27.00 |
| 12/2/2016 | Microsoft Word - 16.4033cv.ord - New Case - Civil Preliminary Order [A].docx | 60 | $12.00 |
| 12/2/2016 | https://ecf.azd.uscourts.gov/cgi-bin/sh...2615662116084.pdf&type=application/pdf | 30 | $6.00 |
| 3/29/2017 | 1E83FB0C1D.pdf | 13 | $2.60 |
| 3/29/2017 | 516AC52F36.pdf | 13 | $2.60 |
| 4/10/2017 | A9R230D.tmp.pdf | 28 | $5.60 |
| 4/12/2017 | Microsoft Word - Initial Disclosure Statement 4-11-17 | 8 | $1.60 |

| 5/15/2017 | Microsoft Word - First Request for Production 5-15-17 | 15 | $3.00 |
| 5/15/2017 | Microsoft Word - First Set of Non-Uniform Interrogatores 5-15-17 | 7 | $1.40 |
| 5/16/2017 | Microsoft Word - First Request for Production 5-16-17 | 30 | $6.00 |
| | **Report Totals:** | **771** | **$154.20** |

Copyright© 2017, Equitrac Corporation

Bonnett, Fairbourn, Friedman & Balint, P.C.                                        31309

| 2004 | FedEx | | 12/2/2016 | |
|---|---|---|---|---|
| Invoice Date | Invoice Number | Invoice Description | | Invoice Amount |
| 11/24/2016 | 5-622-35499 | Account #: 1175-5652-2 | | $191.69 |

31309                          $191.69

31309

Bonnett, Fairbourn, Friedman
& Balint, P.C.
Client Cost Account
2325 EAST CAMELBACK RD. SUITE 300
PHOENIX, ARIZONA 85016
PH: (602) 776-5959

ALLIANCE BANK OF ARIZONA
2901 NORTH CENTRAL AVE., SUITE 100
PHOENIX, AZ 85012
91-598/1221
04.

31309

| DATE | AMOUNT |
|---|---|
| 12/2/2016 | $191.69 |

One hundred ninety-one Dollars 69/100* * * * * * * * * * * * * * * * * * * * * * * * * * *

PAY
TO THE
ORDER
OF

FedEx
P.O. Box 7221
Pasadena CA 91109-7321

AUTHORIZED SIGNATURE

Redacted

Bonnett, Fairbourn, Friedman & Balint, P.C.                                        31309

| 2004 | FedEx | | 12/2/2016 | |
|---|---|---|---|---|
| GL Acct | Description | Invoice No. | Invoice Date | Invoice Amount |
| 1030-000 | Account #: 1175-5652-2 | 5-622-35499 | 11/24/2016 | $162.49 |
| 7800-000 | Account #: 1175-5652-2 | 5-622-35499 | 11/24/2016 | $14.60 |
| 7800-000 | Account #: 1175-5652-2 | 5-622-35499 | 11/24/2016 | $14.60 |



| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 5-622-35499 | Nov 24, 2016 | 1175-5652-2 | 5 of 7 |

Tracking ID: 777750931280 continued

Redacted

Ship Date: Nov 18, 2016        Cust. Ref.: 16612-0001        Ref.#2:
Payor: Shipper        Ref.#3:

- Fuel Surcharge - FedEx has applied a fuel surcharge of 2.25% to this shipment.
- Distance Based Pricing, Zone 2
- Package Delivered to Recipient Address - Release Authorized

| Automation | INET | **Sender** | **Recipient** | |
|---|---|---|---|---|
| Tracking ID | 777752989315 | Karen Vanderbilt | Michael D. Innes | |
| Service Type | FedEx Priority Overnight | BONNETT FAIRBOURN | | |
| Package Type | FedEx Pak | 2325 E. CAMELBACK RD, STE 300 | Redacted | |
| Zone | 02 | PHOENIX AZ 85016 US | | |
| Packages | 1 | | | |
| Rated Weight | 1.0 lbs, 0.5 kgs | Transportation Charge | | 26.09 |
| Delivered | Nov 19, 2016 09:57 | Discount | | -15.70 |
| Svc Area | A1 | Saturday Delivery | | 16.00 |
| Signed by | see above | Residential Delivery | | 2.74 |
| FedEx Use | 000000000/1486/02 | Fuel Surcharge | | 0.66 |
| | | **Total Charge** | **USD** | **$29.79** |

1328-01-00-0004040-0002-0010935

Bonnett, Fairbourn, Friedman & Balint, P.C.                                    31326

| 2004 | FedEx | | 12/9/2016 | |
| Invoice Date | Invoice Number | Invoice Description | | Invoice Amount |
| 12/01/2016 | 5-628-99690 | Account #: 1175-5652-2 | | $119.07 |

                                                    31326                    $119.07

Bonnett, Fairbourn, Friedman
& Balint, P.C.
Client Cost Account
2325 EAST CAMELBACK RD. SUITE 300
PHOENIX, ARIZONA 85016
PH: (602) 776-5959

ALLIANCE BANK OF ARIZONA
2901 NORTH CENTRAL AVE., SUITE 100
PHOENIX, AZ 85012
91-598/1221
04.

                                                                          31326

DATE                    AMOUNT

12/9/2016               $119.07

One hundred nineteen Dollars 07/100* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PAY
TO THE
ORDER
OF

FedEx
P.O. Box 7221
Pasadena CA 91109-7321

AUTHORIZED SIGNATURE

Redacted

Bonnett, Fairbourn, Friedman & Balint, P.C.                                    31326

| 2004 | FedEx | | 12/9/2016 | |
| GL Acct | Description | Invoice No. | Invoice Date | Invoice Amount |
| 1030-000 | Account #: 1175-5652-2 | 5-628-99690 | 12/1/2016 | $119.07 |



| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 5-628-99690 | Dec 01, 2016 | 1175-5652-2 | 5 of 6 |

Ship Date: Nov 22, 2016
Payor: Shipper

Cust. Ref.: 16812-0001
Ref #3:

Ref #2:

- Fuel Surcharge - FedEx has applied a fuel surcharge of 2.25% to this shipment.
- Return: Original Tracking ID 777752989315
- Distance Based Pricing, Zone 2

| | | | | |
|---|---|---|---|---|
| Automation | INET | **Sender** | **Recipient** | |
| Tracking ID | 790587873011 | Michael D. Innes | Karen Vanderbilt | |
| Service Type | FedEx Priority Overnight | **Redacted** | BONNETT FAIRBOURN | |
| Package Type | FedEx Envelope | | 2325 E. CAMELBACK RD, STE 300 | |
| Zone | 02 | | PHOENIX AZ 85016 US | |
| Packages | 1 | | | |
| Rated Weight | N/A | Transportation Charge | | 21.77 |
| Delivered | Nov 23, 2016 10:52 | Discount | | -13.95 |
| Svc Area | A1 | Print Return Label | | 0.50 |
| Signed by | G.OMEZ | Fuel Surcharge | | 0.27 |
| FedEx Use | 000000000/186/_ | Return On Call Surcharge | | 4.00 |
| | | **Total Charge** | **USD** | **$12.59** |



Continued on next page

1335-06-00-0003562-0001-0009685

132934

Bonnett, Fairbourn, Friedman & Balint, P.C.

| 4388 | DL Investigations & Attorney Support, LLC | | 12/16/2016 |
|---|---|---|---|
| Invoice Date | Invoice Number | Invoice Description | Invoice Amount |
| 12/10/2016 | 121016 | BFFB 12/10/2016 Statement | $1,875.50 |

132934                    $1,875.50

**Bonnett, Fairbourn, Friedman & Balint, P.C.**
2325 EAST CAMELBACK ROAD SUITE 300
PHOENIX, ARIZONA 85016
PH: (602) 274-1100

ALLIANCE BANK OF ARIZONA
alliancebankofarizona.com / (877) 273-2265
91-590/1221
04

132934

132934

| DATE | AMOUNT |
|---|---|
| 12/16/2016 | $1,875.50 |

One thousand eight hundred seventy-five Dollars 50/100* * * * * * * * * * * * * * * * * * * * * * * * * * *

VOID AFTER 90 DAYS

PAY
TO THE
ORDER
OF

DL Investigations & Attorney Support, LLC
7501 N. 16th Street, Ste. 200
Phoenix AZ 85020

AUTHORIZED SIGNATURE

Redacted

132934

Bonnett, Fairbourn, Friedman & Balint, P.C.

| 4388 | DL Investigations & Attorney Support, LLC | | 12/16/2016 | |
|---|---|---|---|---|
| GL Acct | Description | Invoice No. | Invoice Date | Invoice Amount |
| 1030-000 | BFFB 12/10/2016 Statement | 121016 | 12/10/2016 | $1,875.50 |

# DL Investigations & Attorney Support, LLC

# Invoice

**7501 N. 16th Street, Ste 200**
**Phoenix, AZ 85020**
**FEIN #: 80-0001540**

| Date | Invoice # |
|------|-----------|
| 12/10/2016 | 16-9826 |

| Bill To |
|---------|
| Bonnett, Fairbourn, Friedman & Balint |
| 2325 East Camelback Rd., Ste 300 |
| Phoenix, AZ 85016 |

| Case Caption |
|--------------|
| LOUIE MEDINA |
| v. |
| GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---------------|----------------|--------|----------|
| 115257 | 16612-0001 | 2:16-cv-04033-SPL | TDF |

| Description | Qty | Amount |
|-------------|-----|--------|
| 12/2/16 For JEANNE M. | | |
| Service of Process-GILBERT MEGA FURNITURE | | 16.00 |
| Certificate Preparation | | 10.00 |
| Rush Service of Process | | 50.00 |

| | **Total** | $76.00 |
|---|-----------|--------|

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

# DL Investigations & Attorney Support, LLC

# Invoice

7501 N. 16th Street,  Ste 200
Phoenix, AZ 85020
FEIN #:  80-0001540

| Date | Invoice # |
|------|-----------|
| 12/10/2016 | 16-9827 |

| Bill To |
|---------|
| Bonnett, Fairbourn, Friedman & Balint |
| 2325 East Camelback Rd., Ste 300 |
| Phoenix, AZ 85016 |

| Case Caption |
|--------------|
| LOUIE MEDINA |
| v. |
| GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---------------|----------------|--------|----------|
| 115258 | 16612-0001 | 2:16-cv-04033-SPL | TDF |

| Description | Qty | Amount |
|-------------|-----|--------|
| 12/2/16 For JEANNE M. | | |
| Service of Process-AHWATUKEE MEGA FURNITURTE, LLC | | 16.00 |
| Certificate Preparation | | 10.00 |

| | Total | $26.00 |
|---|-------|--------|

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

# DL Investigations & Attorney Support, LLC

# Invoice

7501 N. 16th Street,  Ste 200
Phoenix, AZ 85020
FEIN #:  80-0001540

| Date | Invoice # |
|------|-----------|
| 12/10/2016 | 16-9828 |

| Bill To |
|---------|
| Bonnett, Fairbourn, Friedman & Balint |
| 2325 East Camelback Rd., Ste 300 |
| Phoenix, AZ 85016 |

| Case Caption |
|--------------|
| LOUIE MEDINA |
| v. |
| GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---------------|----------------|--------|----------|
| 115259 | 16612-0001 | 2:16-cv-04033-SPL | TDF |

| Description | Qty | Amount |
|-------------|-----|--------|
| 12/2/16 For JEANNE M. | | |
| Service of Process-MEGA FURNITURE & ACCESSORIES, LLC | | 16.00 |
| Certificate Preparation | | 10.00 |

| | Total | $26.00 |
|--|-------|--------|

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

# DL Investigations & Attorney Support, LLC

# Invoice

**7501 N. 16th Street, Ste 200**
**Phoenix, AZ 85020**
**FEIN #: 80-0001540**

| Date | Invoice # |
|---|---|
| 12/10/2016 | 16-9829 |

| Bill To |
|---|
| Bonnett, Fairbourn, Friedman & Balint<br>2325 East Camelback Rd., Ste 300<br>Phoenix, AZ 85016 |

| Case Caption |
|---|
| LOUIE MEDINA<br>v.<br>GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---|---|---|---|
| 115260 | 16612-0001 | 2:16-cv-04033-SPL | TDF |

| Description | Qty | Amount |
|---|---|---|
| 12/2/16 For JEANNE M.<br>Service of Process-MEGA FURNITURE AVONDALE, LLC<br>Certificate Preparation | | 16.00<br>10.00 |

| | **Total** | $26.00 |
|---|---|---|

Thank you! Due upon receipt. Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---|---|---|---|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

# DL Investigations & Attorney Support, LLC

# Invoice

**7501 N. 16th Street, Ste 200**
**Phoenix, AZ 85020**
**FEIN #: 80-0001540**

| Date | Invoice # |
|---|---|
| 12/10/2016 | 16-9830 |

| Bill To |
|---|
| Bonnett, Fairbourn, Friedman & Balint |
| 2325 East Camelback Rd., Ste 300 |
| Phoenix, AZ 85016 |

| Case Caption |
|---|
| LOUIE MEDINA |
| v. |
| GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---|---|---|---|
| 115261 | 16612-0001 | 2:16-cv-04033-SPL | TDF |

| Description | Qty | Amount |
|---|---|---|
| 12/2/16 For JEANNE M. | | |
| Service of Process-MEGA FURNITURE BELL, LLC | | 16.00 |
| Service Mileage-3941 W. MOHAVE AVE., PHX AZ | | 24.00 |
| Certificate Preparation | | 10.00 |

| | Total | $50.00 |
|---|---|---|

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---|---|---|---|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

# DL Investigations & Attorney Support, LLC

# Invoice

7501 N. 16th Street,  Ste 200
Phoenix, AZ 85020
FEIN #: 80-0001540

| Date | Invoice # |
|---|---|
| 12/10/2016 | 16-9831 |

| Bill To |
|---|
| Bonnett, Fairbourn, Friedman & Balint<br>2325 East Camelback Rd., Ste 300<br>Phoenix, AZ 85016 |

| Case Caption |
|---|
| LOUIE MEDINA<br>v.<br>GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---|---|---|---|
| 115262 | 16612-0001 | 2:16-cv-04033-SPL | TDF |

| Description | Qty | Amount |
|---|---|---|
| 12/2/16 For JEANNE M.<br>Service of Process-MEGA FURNITURE SCOTTSDALE, LLC<br>Certificate Preparation | | 16.00<br>10.00 |

| | **Total** | $26.00 |
|---|---|---|

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---|---|---|---|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

# DL Investigations & Attorney Support, LLC

# Invoice

**7501 N. 16th Street, Ste 200**
**Phoenix, AZ 85020**
**FEIN #:  80-0001540**

| Date | Invoice # |
|------|-----------|
| 12/10/2016 | 16-9832 |

| Bill To |
|---------|
| Bonnett, Fairbourn, Friedman & Balint<br>2325 East Camelback Rd., Ste 300<br>Phoenix, AZ 85016 |

| Case Caption |
|--------------|
| LOUIE MEDINA<br>v.<br>GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---------------|----------------|--------|----------|
| 115263 | 16612-0001 | 2:16-cv-04033-SPL | TDF |

| Description | Qty | Amount |
|-------------|-----|--------|
| 12/2/16 For JEANNE M.<br>Service of Process-PHOENIX MEGA FURNITURE, LLC<br>Certificate Preparation | | 16.00<br>10.00 |

| | **Total** | $26.00 |
|--|-----------|--------|

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

Bonnett, Fairbourn, Friedman & Balint, P.C.

132957

| 7924 | Western Alliance Bank | | 12/19/2016 | |
| Invoice Date | Invoice Number | Invoice Description | | Invoice Amount |
| 11/27/2016 | TDF1116 | Visa 5027 | | $1,012.77 |

132957                         $1,012.77

| Bonnett, Fairbourn, Friedman & Balint, P.C. | ALLIANCE BANK OF ARIZONA | 132957 |
| 2325 EAST CAMELBACK ROAD SUITE 300 | alliancebankofarizona.com / (877) 273-2265 | |
| PHOENIX, ARIZONA 85016 | 91-590/1221 | 132957 |
| PH: (602) 274-1100 | 04 | |

|  | DATE | AMOUNT |
|  | 12/19/2016 | $1,012.77 |

One thousand twelve Dollars 77/100* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

VOID AFTER 90 DAYS

PAY TO THE ORDER OF   Western Alliance Bank
PO Box 31021
Tampa FL 33631-3021

AUTHORIZED SIGNATURE

Redacted

132957

Bonnett, Fairbourn, Friedman & Balint, P.C.

132957

| 7924 | Western Alliance Bank | | 12/19/2016 | |
| GL Acct | Description | Invoice No. | Invoice Date | Invoice Amount |
| 1030-000 | Visa 5027 | TDF1116 | 11/27/2016 | $868.30 |
| 7400-000 | Visa 5027 | TDF1116 | 11/27/2016 | $67.31 |
| 7400-000 | Visa 5027 | TDF1116 | 11/27/2016 | $77.16 |

**Jennifer Becher**

| | |
|---|---|
| **From:** | Karen Vanderbilt |
| **Sent:** | Monday, November 21, 2016 3:22 PM |
| **To:** | Jennifer Becher |
| **Subject:** | FW: Pay.gov Payment Confirmation: AZD CM ECF |

TDF Visa - filing fee 16612-0001

-----Original Message-----
From: paygovadmin@mail.doc.twai.gov [mailto:paygovadmin@mail.doc.twai.gov]
Sent: Monday, November 21, 2016 3:21 PM
To: Karen Vanderbilt; Ty Frankel
Subject: Pay.gov Payment Confirmation: AZD CM ECF

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or you wish to cancel this payment, please contact Dana Genger at 602-322-7141.

Application Name: AZD CM ECF
Pay.gov Tracking ID: 25V4JUG0
Agency Tracking ID: 0970-13632781
Transaction Type: Sale
Transaction Date: Nov 21, 2016 5:20:38 PM

Account Holder Name: Ty Frankel
Transaction Amount: $400.00
Card Type: Visa
Card Number: ****Redacted

THIS IS AN AUTOMATED MESSAGE.  PLEASE DO NOT REPLY.

31411

Bonnett, Fairbourn, Friedman & Balint, P.C.

| 2004 | FedEx | | 1/6/2017 | |
| Invoice Date | Invoice Number | Invoice Description | | Invoice Amount |
| 12/29/2016 | 5-659-36155 | Account #: 1175-5652-2 | | $245.96 |

31411                                    $245.96

**Bonnett, Fairbourn, Friedman & Balint, P.C.**
Client Cost Account
2325 EAST CAMELBACK RD. SUITE 300
PHOENIX, ARIZONA  85016
PH: (602) 776-5959

ALLIANCE BANK OF ARIZONA
2901 NORTH CENTRAL AVE, SUITE 100
PHOENIX, AZ  85012
91-599/1221
-04

31411

31411

DATE     AMOUNT
1/6/2017    $245.96

Two hundred forty-five Dollars 96/100* * * * * * * * * * * * * * * * * * * * * * * * * *

PAY TO THE ORDER OF
FedEx
P.O. Box 7221
Pasadena CA 91109-7321

AUTHORIZED SIGNATURE

Redacted

Bonnett, Fairbourn, Friedman & Balint, P.C.

31411

| 2004 | FedEx | | 1/6/2017 | |
| GL Acct | Description | Invoice No. | Invoice Date | Invoice Amount |
| 1030-000 | Account #: 1175-5652-2 | 5-659-36155 | 12/29/2016 | $245.96 |



| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 5-659-36155 | Dec 29, 2016 | 1175-5652-2 | 5 of 6 |

# Redacted

**Ship Date:** Dec 23, 2016  
**Payor:** Shipper

**Cust. Ref.:** 18612-0001  
**Ref.#3:**

**Ref.#2:**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 3.00% to this shipment.
- Distance Based Pricing, Zone 2
- Package Delivered to Recipient Address - Release Authorized

| Automation | INET | | | |
|---|---|---|---|---|
| Tracking ID | 778039586076 | **Sender** | **Recipient** | |
| Service Type | FedEx Priority Overnight | Karen Vanderbilt | Michael D Jones | |
| Package Type | FedEx Pak | BONNETT FAIRBOURN | Redacted | |
| Zone | 02 | 2325 E. CAMELBACK RD, STE 300 | | |
| Packages | 1 | PHOENIX AZ 85016 US | | |
| Rated Weight | 2.0 lbs, 0.9 kgs | **Transportation Charge** | | 26.43 |
| Delivered | Dec 27, 2016 08:51 | **Discount** | | -16.01 |

Continued on next page

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 5-659-36155 | Dec 29, 2016 | 1175-5652-2 | 6 of 6 |

Tracking ID: 778038586076 continued

| Svc Area | A1 | Fuel Surcharge | | 0.39 |
| Signed by | see above | Residential Delivery | | 2.74 |
| FedEx Use | 000000000/1486/02 | **Total Charge** | **USD** | **$13.55** |



1363-06-00-0003405-0001-0008922

Bonnett, Fairbourn, Friedman & Balint, P.C.                                                                133015

| 4388 | | DL Investigations & Attorney Support, LLC | 1/6/2017 | |
| Invoice Date | Invoice Number | Invoice Description | | Invoice Amount |
| 12/27/2016 | 122716 | BFFB 12/27/2016 Statement | | $2,728.83 |

133015                                                    $2,728.83

---

**Bonnett, Fairbourn, Friedman & Balint, P.C.**
2325 EAST CAMELBACK ROAD SUITE 300
PHOENIX, ARIZONA 85016
PH: (602) 274-1100

ALLIANCE BANK OF ARIZONA
alliancebankofarizona.com / (877) 273-2265
91-598/1221
-04

133015

133015

| DATE | AMOUNT |
| 1/6/2017 | $2,728.83 |

Two thousand seven hundred twenty-eight Dollars 83/100* * * * * * * * * * * * * * * * * * * * * * * * * *

VOID AFTER 90 DAYS

PAY
TO THE
ORDER
OF

DL Investigations & Attorney Support, LLC
7501 N. 16th Street, Ste. 200
Phoenix AZ 85020

AUTHORIZED SIGNATURE

Redacted

---

Bonnett, Fairbourn, Friedman & Balint, P.C.

133015

| 4388 | DL Investigations & Attorney Support, LLC | | 1/6/2017 | |
| GL Acct | Description | Invoice No. | Invoice Date | Invoice Amount |
| 1030-000 | BFFB 12/27/2016 Statement | 122716 | 12/27/2016 | $2,628.83 |
| 7800-000 | BFFB 12/27/2016 Statement | 122716 | 12/27/2016 | $100.00 |

# DL Investigations & Attorney Support, LLC

# Invoice

7501 N. 16th Street,  Ste 200
Phoenix, AZ 85020
FEIN #:  80-0001540

| Date | Invoice # |
|---|---|
| 12/27/2016 | 16-10181 |

**Bill To**

Bonnett, Fairbourn, Friedman & Balint
2325 East Camelback Rd., Ste 300
Phoenix, AZ 85016

**Case Caption**

LOUIE MEDINA
v.
GILBERT MEGA FURNITURE

| Certificate # | Billing/File # | Case # | Attorney |
|---|---|---|---|
| 115265 | 16612-0001 | 2:16-cv-04033-SPL | FRANKEL |

| Description | Qty | Amount |
|---|---|---|
| 12/2/16 For KAREN | | |
| Service of Process-SALEEM KANJIYANI | | 16.00 |
| Skip Trace | | 75.00 |
| Certificate Preparation | | 10.00 |

| | **Total** | $101.00 |
|---|---|---|

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---|---|---|---|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

# DL Investigations & Attorney Support, LLC

# Invoice

**7501 N. 16th Street,  Ste 200
Phoenix, AZ 85020
FEIN #:  80-0001540**

| Date | Invoice # |
|------|-----------|
| 12/27/2016 | 16-10180 |

| Bill To |
|---------|
| Bonnett, Fairbourn, Friedman & Balint<br>2325 East Camelback Rd., Ste 300<br>Phoenix, AZ 85016 |

| Case Caption |
|--------------|
| LOUIE MEDINA<br>v.<br>GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---------------|----------------|--------|----------|
| 115267 | 16612-0001 | 2:16-cv-04033-SPL | FRANKEL |

| Description | Qty | Amount |
|-------------|-----|--------|
| 12/2/16 For KAREN<br>Skip Trace<br>Certificate Preparation-YASMIN DARCELLA | | 75.00<br>10.00 |

| | **Total** | $85.00 |
|--|-----------|--------|

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

# DL Investigations & Attorney Support, LLC

# Invoice

7501 N. 16th Street,  Ste 200
Phoenix, AZ 85020
FEIN #:  80-0001540

| Date | Invoice # |
|------|-----------|
| 12/27/2016 | 16-10182 |

| Bill To |
|---------|
| Bonnett, Fairbourn, Friedman & Balint<br>2325 East Camelback Rd., Ste 300<br>Phoenix, AZ 85016 |

| Case Caption |
|--------------|
| LOUIE MEDINA<br>v.<br>GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---------------|----------------|--------|----------|
| 115266 | 16612-0001 | 2:16-cv-04033-SPL | FRANKEL |

| Description | Qty | Amount |
|-------------|-----|--------|
| 12/2/16 For KAREN | | |
| Service of Process-YASMIN DAREDIA | | 16.00 |
| Service Mileage- Redacted AZ | 22 | 52.80 |
| Service Mileage- AZ | 22 | 52.80 |
| D.L. Investigations & Attorney Support Discount.  Thanks for your business!!! | 12 | -28.80 |
| Service Mileage- Redacted AZ | 25 | 60.00 |
| Skip Trace | | 75.00 |
| Certificate Preparation | | 10.00 |

| | **Total** | $237.80 |

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

Bonnett, Fairbourn, Friedman & Balint, P.C.

133077

| 4388 | DL Investigations & Attorney Support, LLC | | 1/20/2017 | |
| Invoice Date | Invoice Number | Invoice Description | | Invoice Amount |
| 01/10/2017 | 011017 | BFFB 01/09/2017 Statement | | $1,077.20 |

133077                                    $1,077.20

**Bonnett, Fairbourn, Friedman & Balint, P.C.**
2325 EAST CAMELBACK ROAD SUITE 300
PHOENIX, ARIZONA  85016
PH: (602) 274-1100

ALLIANCE BANK OF ARIZONA
alliancebankofarizona.com / (877) 273-2265
91-588/1221
-04

133077

133077

DATE          AMOUNT

1/20/2017     $1,077.20

One thousand seventy-seven Dollars 20/100* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

VOID AFTER 90 DAYS

PAY
TO THE
ORDER
OF

DL Investigations & Attorney Support, LLC
7501 N. 16th Street, Ste. 200
Phoenix AZ  85020

AUTHORIZED SIGNATURE

Redacted

Bonnett, Fairbourn, Friedman & Balint, P.C.

133077

| 4388 | DL Investigations & Attorney Support, LLC | | 1/20/2017 | |
| GL Acct | Description | Invoice No. | Invoice Date | Invoice Amount |
| 1030-000 | BFFB 01/09/2017 Statement | 011017 | 1/10/2017 | $1,077.20 |

# DL Investigations & Attorney Support, LLC

# Invoice

7501 N. 16th Street, Ste 200
Phoenix, AZ 85020
FEIN #: 80-0001540

| Date | Invoice # |
|------|-----------|
| 1/9/2017 | 17-14 |

| Bill To |
|---------|
| Bonnett, Fairbourn, Friedman & Balint |
| 2325 East Camelback Rd., Ste 300 |
| Phoenix, AZ 85016 |

| Case Caption |
|--------------|
| LOUIE MEDINA |
| v. |
| GILBERT MEGA FURNITURE |

| Certificate # | Billing/File # | Case # | Attorney |
|---------------|----------------|--------|----------|
| 115264 | 16612-0001 | 2:16-cv-04033-SPL | TDF |

| Description | Qty | Amount |
|-------------|-----|--------|
| 12/2/16 For KAREN V. | | |
| Certificate Preparation-KARIM KANJIYANI | | 10.00 |
| Skip Trace | | 75.00 |

| | | |
|---|---|---|
| | **Total** | $85.00 |

Thank you!  Due upon receipt.  Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |

Bonnett, Fairbourn, Friedman & Balint, P.C.                                    133141

| 4388 | DL Investigations & Attorney Support, LLC | 2/3/2017 | |
| Invoice Date | Invoice Number | Invoice Description | Invoice Amount |
| 01/25/2017 | 012517 | BFFB 01/25/2017 Statement | $2,263.35 |

133141                                    $2,263.35

Bonnett, Fairbourn, Friedman
& Balint, P.C.
2325 EAST CAMELBACK ROAD SUITE 300
PHOENIX, ARIZONA  85016
PH: (602) 274-1100

ALLIANCE BANK OF ARIZONA
alliancebankofarizona.com / (877) 273-2265
91-598/1221
04

133141

| DATE | AMOUNT |
| 2/3/2017 | $2,263.35 |

Two thousand two hundred sixty-three Dollars 35/100* * * * * * * * * * * * * * * * * * * * * * * * * *

VOID AFTER 90 DAYS

PAY
TO THE
ORDER
OF

DL Investigations & Attorney Support, LLC
7501 N. 16th Street, Ste. 200
Phoenix AZ  85020

AUTHORIZED SIGNATURE

Redacted

Bonnett, Fairbourn, Friedman & Balint, P.C.                                    133141

| 4388 | DL Investigations & Attorney Support, LLC | | 2/3/2017 | |
| GL Acct | Description | Invoice No. | Invoice Date | Invoice Amount |
| 1030-000 | BFFB 01/25/2017 Statement | 012517 | 1/25/2017 | $2,163.35 |
| 7800-000 | BFFB 01/25/2017 Statement | 012517 | 1/25/2017 | $100.00 |

# DL Investigations & Attorney Support, LLC

# Invoice

**7501 N. 16th Street, Ste 200**
**Phoenix, AZ 85020**
**FEIN #: 80-0001540**

| Date | Invoice # |
|------|-----------|
| 1/24/2017 | 17-390 |

| Bill To |
|---------|
| Bonnett, Fairbourn, Friedman & Balint<br>2325 East Camelback Rd., Ste 300<br>Phoenix, AZ 85016 |

| Case Caption |
|--------------|
| LOUIE MEDINA<br>v.<br>GILBERT MEGA FURNITURE |

| | Certificate # | Billing/File # | Case # | Attorney |
|---|---|---|---|---|
| | 115735 | 16612-0001 | 2:16-cv-04033-SPL | TDF |
| Description | | | Qty | Amount |

| Description | Qty | Amount |
|-------------|-----|--------|
| 1/5/17 For KAREN V.<br>Outside Service(County State & Country)-KARIM KANJIYANI & KARIMA DIN, Redacted TX 78259 | | 90.00 |
| Service Charge for Fee Advance | | 9.00 |
| Out of Town Special Handling | | 60.00 |
| Certificate Preparation | | 10.00 |
| **Total** | | **$169.00** |

Thank you! Due upon receipt. Balances over 30 days subject to 1 1/2% per month.

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 602-285-9901 | 602-285-0445 | psmallwood@dlinvestigationsllc.com | www.dlinvestigationsllc.com |