**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louie Medina,<br><br>    Plaintiff,<br><br>vs.<br><br>Gilbert Mega Furniture, LLC, et al.,<br><br>    Defendants. | No. CV-16-04033-PHX-SPL<br><br>**ORDER** |

    Before the Court is Plaintiff Michael Innes and Larry Berisfords' (the "Plaintiffs") Re-Filed Motion for Reasonable Attorneys' Fees and Costs (Doc. 59), Defendants' Response and their Motion for Sanctions (Doc. 60), and Plaintiffs' Reply to their Motion for Attorneys' Fees and Costs and their Response to Defendant's Motion for Sanctions (Doc. 61). Defendants did not file a reply.

**I. Background**

    On November 20, 2017, opt-in Plaintiffs Innes and Berisford filed a notice of acceptance of Defendants' offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. (Doc. 41.) On June 15, 2018, the Court ordered this case to be dismissed on July 13, 2018 if no stipulation to dismiss was filed prior to the dismissal date. (Doc. 53.) The Court's Order also advised Plaintiffs that they may re-file their Motion for Attorneys' Fees and Costs (Doc. 52) upon the entry of final judgment in this case. (Doc. 53.) On July 18, 2018, the Court dismissed this matter *with prejudice*. (Doc. 54.) That same day, Plaintiffs moved for partial judgment pursuant to Federal Rules of Civil Procedure 54(b)

and for an order allowing them to re-file their Motion for Attorneys' Fees and Costs. (Doc. 55.) The Court granted that motion and issued an Order allowing Plaintiffs to re-file their attorneys' fees motion. (Doc. 58.)

## II. Plaintiffs' Motion for Attorneys' Fees and Costs

### A. Whether Attorneys' Fees and Costs are Recoverable

Plaintiffs argue that they are entitled to attorneys' fees and costs because Defendants' Rule 68 offers of judgment were "silent regarding attorneys' fees." (Doc. 59-1 at 5.) Plaintiffs argue, therefore, that pursuant to 29 U.S.C. section 216(b) and Ninth Circuit law, Defendants must still pay reasonable attorneys' fees and costs to them. (Doc. 59-1 at 6.) Defendants respond that their Rule 68 offers of judgment to Plaintiffs covered "all claims asserted in this action" and, therefore, included attorneys' fees and costs because the Complaint sought attorneys' fees and costs. (Doc. 60-1 at 7.) They argue that Plaintiffs are now asserting, in bad faith, that Plaintiffs are entitled to more compensation despite the parties' alleged understanding that the Rule 68 offers of judgment included compensation for attorneys' fees and costs. (Doc. 60-1 at 9-10.)

The Ninth Circuit has stated that a Rule 68 offer of judgment "must be clear and unambiguous" in waiving or limiting attorneys' fees (and costs). *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997); *Erdman v. Cochise County, Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991); *see also Marek v. Chesny*, 473 U.S. 1, 6 (1985). More specifically, "[W]here the underlying statute does not make attorney fees part of costs, [like in the situation here], it is incumbent on the defendant making a Rule 68 offer to *state clearly* that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs." *Id.* at 834 (emphasis added); *see F. v. Blue Shield of California*, No. 09-CV-2037-PJH, 2016 WL 1059459, at *14 (N.D. Cal. Mar. 17, 2016) (clarifying that, according to *Nusom*, "[A] Rule 68 offer may include the amount for attorney's fees (if this inclusion is expressly stated) or may contemplate that the court will entertain requests for

attorney's fees after acceptance."). Therefore, "[A] Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of costs." *Nusom*, 122 F.3d at 835. Moreover, "[A]mbiguities in a Rule 68 offer are typically construed against the offeror," with defendants bearing the brunt of uncertainty. *Beauchamp v. Anaheim Union High Sch. Dist.,* 816 F.3d 1216, 1223 (9th Cir. 2016) (citing *Nusom*, 122 F.3d at 834).

Here, of importance, Defendants' Rule 68 offer of judgment to Plaintiff Berisford reads: "Defendants hereby offer to allow judgment be entered in Plaintiff Larry Berisford's favor and against Defendants in the amount of **$1,559.98**, as resolution for Plaintiff Larry Berisford's claims asserted in this action." (Doc. 60-1 at 24.) Likewise, Defendants' Rule 68 offer of judgment to Plaintiff Innes reads: "Defendants hereby offer to allow judgment be entered in Plaintiff Michael Innes's favor and against Defendants in the amount of **$1,282.11**, as resolution for Plaintiff Michael Innes's claims asserted in this action." (Doc. 60-1 at 20.) Thus, on their faces, these Rule 68 offers of judgment do not address whether attorneys' fees or costs are included in Defendants' offers. Accordingly, Defendants' argument that their offers of judgment unambiguously and clearly waive or limit the seeking of attorneys' fees and costs is unpersuasive. *See Gutierrez v. Good Savior, LLC,* No. CV 14-4595 (AJW), 2016 WL 5661869, at *4 (C.D. Cal. Sept. 28, 2016); *Williams v. Pinnacle Servs., Inc.*, No. 3-16-CV-00597-HDM-WGC, 2017 WL 470892, at *1-2 (D. Nev. Feb. 3, 2017).[1] The claims in this case are for unlawful compensation violations, which, admittedly, do allow for a recovery of attorneys' fees. The "claim" for attorneys' fees and costs, however, as cited in Plaintiffs' Complaint, is "collateral to the main cause

---

[1] The Court notes that the *Williams* court discusses *McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561 (6th Cir. 2004), which considers a situation similar to the one here. *See* 2017 WL 470892, at *2. However, this Court is unpersuaded by the Sixth Circuit's reasoning for the same reasons it is unpersuaded by the Eighth Circuit's reasoning in *Radecki v. Amoco Oil Co.*, 858 F.2d 397 (8th Cir. 1988), which the Court discusses next.

of action." *Lima v. Newark Police Dep't*, 658 F.3d 324, 332 (3d Cir. 2011). Further, attorneys' fees cannot "fairly be characterized as an element of 'relief' indistinguishable from other elements." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 452 (1982).

Moreover, Defendants' reliance on *Radecki v. Amoco Oil Co.*, 858 F.2d 397 (8th Cir. 1988), an old out-of-circuit case, is unpersuasive, as a cursory review of the more current case law in this circuit (and elsewhere) reveals the approach the Ninth Circuit takes on this issue. *See Gutierrez*, 2016 WL 5661869, at *6 (finding that "[T]he Eighth Circuit's application [in *Radecki*] of Rule 68 is markedly more lenient toward defendants than are Ninth Circuit precedents."); *Barbour v. City of White Plains*, 700 F.3d 631, 633-34 (2d Cir. 2012) (affirming district court's grant of attorneys' fees and costs where defendants' offer of judgment "for the settlement of all claims pending against the defendants in this action" was clearly silent as to attorneys' fees and costs); *Lima*, 658 F.3d at 331-32 (rejecting argument that reference to "all of Plaintiff's claims for relief" in a Rule 68 offer explicitly covered attorneys' fees and costs); *Bosley v. Mineral Cty. Comm'n*, 650 F.3d 408, 411-13 (4th Cir. 2011) (rejecting argument that defendants' offer of judgment for "full and complete satisfaction of [plaintiff's] claim against ... Defendants" included attorneys' fees and costs).

However, the Ninth Circuit has indicated that extrinsic evidence may sometimes be considered in resolving Rule 68 contract disputes. *See Nusom*, 122 F.3d at 834-35. But, even assuming the Court should or could look at extrinsic evidence here, the evidence presented would not change the fact that Defendants are ultimately the maker of their own offers and did not explicitly state, in their written offers, that attorneys' fees or costs were included. Defendants apparently clarified with Plaintiff over the phone that their forthcoming Rule 68 offers of judgment were to include attorneys' fees. (*See* Doc. 60-1 at 28.) However, as the *Gutierrez* court points out, Plaintiffs should be able to rely on the actual offer given to them, which, here, does not explicitly state that attorneys' fees or costs

were included in their offers. 2016 WL 5661869, at *5-7. Indeed, the Ninth Circuit has suggested defense counsels take care to draft their offers to explicitly address fees and costs to "avoid exposure to attorney fees in addition to the sum offered plus costs." *Nusom*, 122 F.3d at 834. Additionally, as Defendants point out, "[T]he amounts contained in the offers of judgment for [Plaintiffs] exactly match the amounts contained in the second set of checks for Plaintiffs …." (Doc. 60-1 at 4.) Thus, the Court cannot say that Plaintiffs could not have interpreted Defendants' offers to *not* incorporate otherwise *mandatory* costs and fees in their offers given the amounts. Lastly, the Court notes that the case law it found while researching this issue was available to Defendants at the time they were drafting their Rule 68 offers of judgment. Thus, the Court is unpersuaded that Defendants should not be held to the actual offer they presented to Plaintiffs.

Accordingly, the Court finds that Defendants' Rule 68 offers of judgment did not state that attorneys' fees or costs were included and that, therefore, Plaintiffs are entitled to an award of fees pursuant to 29 U.S.C. section 216(b) and to costs pursuant to Federal Rule of Civil Procedure 68. *See Marek v. Chesny*, 473 U.S. 1, 6 (1985); *Nusom*, 122 F.3d at 833-34.

**B.     Calculation of Reasonable Attorneys' Fees and Costs**

Plaintiffs seek attorneys' fees in the amount of $35,682.67 and costs in the amount of $1040.75. Defendants argue that Plaintiffs' fees are unreasonable because they are "requesting over $36,000.00 for fees and costs on two offers of judgment that, combined, equal less than $3000.00." (Doc. 60-1 at 11.) However, as the Sixth Circuit has explained,

> "[t]he purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourage[s] the vindication of congressionally identified policies and rights. Indeed, we have upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages."

*Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (citations omitted). Moreover, the Ninth Circuit has explained that "[C]ourts should not reduce lodestars based on relief obtained simply because the amount of damages recovered on a claim was less than the amount requested." *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988). With that said, Plaintiffs are seeking to recover in attorneys' fees roughly thirteen times the amount Plaintiffs have recovered in their settlements. However, Defendants offer no other argument or analysis for why Plaintiffs' claimed attorneys' fees and costs are unreasonable and should be adjusted.

Thus, after the Court's own review of Plaintiffs' application and itemization of fees and costs, the Court has calculated the lodestar to be $31,326.00.[2] The Court believes this most reasonably reflects Plaintiffs' counsels' time working on this case, after editing the time entries for duplicative, vague, and unnecessary billing entries. Therefore, agreeing that Plaintiffs' proposed reduction of the lodestar by one-third to account for Plaintiff Louie Medina is appropriate, the Court will reduce its lodestar by one-third. As such, Plaintiffs' reasonable attorneys' fees is $20,884.00.[3] As to costs, the Court has reviewed Plaintiffs' bill of costs and finds that the requested amount of $1040.75 is reasonable. Accordingly, the Court **grants as modified** Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 59) and finds that Plaintiffs are entitled to their reasonable attorneys' fees and costs in the amount of **$20,884.00** and **$1040.75**, respectively.

### III. Defendants' Motion for Sanctions

Defendants argue that they are entitled to sanctions for their own attorneys' fees "reasonably incurred as a result of Plaintiffs' unreasonable and vexatious filing for fees" pursuant to 28 U.S.C. section 1927. (Doc. 60-1 at 10.) They argue that Plaintiffs have

---

[2] The Court subtracted $22,198.00 from Plaintiffs' initial lodestar value of $53,524.00. The former represents the amount billed for entries the Court found duplicative, vague, or unnecessary.

[3] $31,326.00 divided by 3 equals $10,442.00. The Court then subtracted that total from $31,326.00, which equals $20,884.00.

always known that their settlement offers included claims for attorneys' fees and costs and that, now, Plaintiffs are "seeking to exploit the situation in bad faith in order to obtain an additional judgment of tens of thousands of dollars." (Doc. 60-1 at 11.) Plaintiffs respond that Defendants did not draft their Rule 68 offers of judgment to unambiguously and explicitly preclude or include attorneys' fees and costs in their offers, as is required by the Ninth Circuit. (Doc. 61-1 at 6-7, 9.) As such, Plaintiffs argue they were entitled to file their motion for attorneys' fees and costs.

Having reviewed the briefing, and having already found that Plaintiffs were entitled to move for attorneys' fees and costs, the Court finds that Plaintiffs did not unreasonably and vexatiously seek attorneys' fees and costs. As such, the Court **denies** Defendants' Motion for Sanctions (Doc. 60).

Accordingly,

**IT IS ORDERED** that Plaintiffs Michael Innes and Larry Berisfords' Re-Filed Motion for Reasonable Attorneys' Fees and Costs (Doc. 59) is **granted as modified**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (Doc. 60) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs Innes and Berisford are entitled to attorneys' fees in the amount of **$20,884.00** and costs in the amount of **$1040.75**.

Dated this 12th day of August, 2019.

Honorable Steven P. Logan
United States District Judge